RECEIVED

JUN 17 2008
JUN 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In The United States District Court
For The Northern District of
Illinois

William Evans,
    Petitioner,

    V.

Circuit Court of Cook County,
Illinois fifth District, and
Chicago, Police Department,
And Victoria A. Stewart, and Jody P.
Weis, and I.D.O.C., Respondents.

Case No, _____
(To be provided by Clerk)

Petition for Extraordinary Writ
    T. Federal Rules

RECEIVED

08CV3473
JUDGE MORAN
MAGISTRATE JUDGE KEYS

108

DOBBINS
ICT COURT

    This petition for extraordinary Writ is brought pro se of
William Evans, petitioner, and defendant for People v. William
Evans, #07-CR-0596201, in the circuit Court of Cook County,
Illinois fifth District, before Judge Victoria A. Stewart, and
Whom both are respondents' and chicago Police Department and
Jody P. Weis, superintendent of chicago police department are
both too respondents, and Illinois Department of Corrections, Respondents;

For that the circuit Court of Cook County, Illinois fifth
Judicial district, and Judge Victoria A. Stewart, is denying
I, William Evans, to self representation in People v. William
Evans, #07-CR-0596201, in violation of my sixth amendment
right to self representation. Denying me to file my motion
to compel against chicago police Department to disclose
all exculpatory evidence attached and incorporated herein
and refered to by reference hereto, that was mailed to be filed
and heard 5/5/2008 from Stateville Correctional Center in cor-
rectly addressed envelopes and with postage voucher attached.
Notice of filing and certificate of service, too, both the state's
attorney and Jody P. Weis was mailed copies on 5/5/2008, along
with the clerk O I filed by mail the original and copies, 5/5/2008.
The chicago police department is suppressing exculpatory
evidence; and the public defender Thomas Zeleny is purposely
refusing to file the motion to compel; the Judge Victoria
A. Stewart Will not allow me to discharge and/or fire Thomas
Zeleny. Nor will she/Judge Victoria A. Stewart reappoint Counsel.

(page #1)

Even though I object to Thomas Zeleny's representation of me in any shape form or fasion. I object to any attorney from the cook county public defenders office under the authority of Robert Lee, Thomas Zeleny's Supervisor, at the fifth district.

Judge Victoria A. Stewart, denies me to proceed prose because I would not sign a paper that included I Knowingly waive my Constitutional right to effective assistance of counsel right after she/ Judge Victoria A. Stewart denied my motion for reappointment of counsel or in the alternative be released on my own recognizance to do my own legal research and investigation and securing of witnesses. And denied my motions for appointment of Investigator, and appointment of Computer forensic specialist.

So inorder for me to proceed prose Victoria A. Stewart put forward as a prerequisite I waive one constitutional right inorder to be allowed to exercise another constitutional right.

With full Knowledge that Thomas Zeleny twhom Judge Stewart chose to appoint as my attorney, refuse to secure the witnesses I have requested to be interviewed and possibly subpoenaed compelled to testify of events and information that they have personal Knowledge of; that is materially relevant to my defence; and will question the credibility of the two arresting officers of I the defendant in People v. William Evans, above; these arresting officers are prosecuttion's witnesses whom provided fraudulent evidence police report to prosecuting attorney these witnesses testimony will lead to evidence that will clearly show and prove the same. The officers testimony was relied on by grand jury to bond me over out side my presence. These two officers testimony to the observation of I the accused driving without tail lights on as probable cause to stop me and bond me over for trial is fraudulent evidence a lie. This incident occured in plainview of chicago police department electronic pod video surveillance cameras that provide 24 hour monitored surveillance now suppressed.

Suppressed by Chicago Police department and Jody P. Weis Superintendent of Chicago police department; they are suppressing exculpatory evidence.

Whom I've requested pursuant to the freedom of information act, that – I be given access to the full capabilities of the Chicago police department electronic pod video surveillance camera's; they refuse to disclose exactly how many feet or yards or any exact measurement in distance their cameras can record before and after zoom-in capabilities are used.

Refuse to disclose the hard drives and hard disks of the computers' of crime detection specialist whom monitored the multiple Pod images from gunshot detection alarms, criminal activity, and public safety incidents, for 2007 for all the Pod cameras on 75th and phillips, clyde, and Constance, and Eastend, in chicago, Illinois 60649; and the same from the computers' of deputy superintendent bureau of crime strategy and accountability they refuse to disclose the hard drives and hard disks from these computers' for 2007.

However the chicago police department arresting officers' declare under penalties of perjury they observed me driving without tail lights and for that reason curbed me at 1932 east 75th street chicago, Illinois 60649; 2/26/2007.

Chicago, police department admit phillips camera being there and being installed 1/27/2007. But deny the existance of the other cameras at the other locations.

My witnesses will put those cameras there by their own personal observation and knowledge. The residence of each block and the students that attended South Shore high School, in 2007 located on 75th and constance and 76th and Constance whom drive, and walked past these cameras coming and going to school, and work.

The circuit court of cook county Illinois, and Thomas Zeleny and the chicago police department are over my objection are

destroying my ability to present a complete defense in my criminal case, People v. William Evans, 07-CR-0596201; Illinois Department of Corrections, (I.D.O.C.) are denying me access to computer technology such as global positioning systems for navigation, (GPS, as it's called) that fixes a position relative to military satellites circling the earth and then converts it to longitude and latitude. It's accurate to within fifteen feet. Such technology will provide clear images of my arrest location and area showing if these cameras I say existed, did or did not exist, in 2007. Possibly even the arrest it-self. But will not be available in 2009 for public access.

I.D.O.C. Policy is denying me access to neighborhood telephone directories on the internet, and books from the neighborhood I was arrested. That contain potential witnesses whom may provide testimonies of their personal observation of these cameras Chicago police say never existed. I am talking about people whom lived on these blocks or near there or have businesses or jobs near there during the time in question, 2/26/2007.

## Relief Sought

Federal Court Order via extra ordinary writ compelling:

#1.) Full disclosure of exactly how many feet and yards Chicago police department electronic video pod surveillance cameras can record before and after zoom-in capabilities with night vision.

#2.) Full disclosure of all computers and hard drives and hard disks of both crime detection specialist of the office of emergency management and communications operation center for 2006-2007, and all computers and hard drives and hard disks of the deputy superintendent, bureau of crime strategy and accountability for 2006-2007.

#3.) Federal Court Order and appointment of a federal agent or investigator to question all the students of south shore high school whom attended classes in 2007 including the teachers. Providing their names, and each one compelled to give testimony as to their personal observation of the electronic pod video surveillance camera on the Corner of 75th and clyde and 75th and constance and near 75th and eastend corner near car wash, during 2007, that was located there; Under Penalties of Perjury.

~~Federal court order that a computer forensic specialist be assigned to my defense to determine just exactly how far in feet and yards can the video lot surveillance cameras can record, before and after zoom in capabilities with the night vision.~~

#4.) Federal Court order allowing William Evans, to proceed prose with the computer forensic specialist and investigator on the defense team Of or by the appointment of the federal court order via extraordinary writ.

#5.) Federal court order allowing me computer access online to make full use of all electronic evidence, and GPS and search engines; using nieghborhood directories to locate potential Witnesses. And to access westlaw legal research tools such as: most current and comprehensive legal research; Case law, including slip opinions, and unreported decisions. Statutes, statutory indexes, legislation, court rules and orders, administrative materials, looseleaf publications, texts and periodicals. Westlaw directory and westlaw database list for a list of available databases and services. Westlaw's capabilities to retrieve-find requested documents case law and statutes.

Westlaw updating one's research such as case law and statutes. Retrieving newly inacted legislation by searching in the appropriate legislative service database. Retrieving cases not yet reported by searching in case law databases.

Reading the latest U.S. Supreme Court opinions the same day they are released.

Updating west digests by searching topic and key numbers.

Westlaw determining case history via insta-cite, a service of west publishing, is the most current source for the history of a particular case; and shepard's citations a service of McGraw-Hill, is also available on westlaw; that offers: the consolidation of the books, pocket part and update pamphlet into one result;

the ability to view only those references for a specific jurisdiction, treatment code or headnote.

direct access to citing cases from the west national reporter system, shepard's preview is a westlaw exclusive that offers a preview of citing references from the national reporter system before they are available in print.

Westlaws retrieving citing case providing one supplement existing annotations or create your own set of annotations; System. Simply using —format of statute or case citation; select desired jurisdiction, then run a search containing key portions of the citation, plus any appropriate terms.

All this I am currently denied access to, obliterating my ability to present a complete defense, in pending criminal case. Obliterating my ability to present a effective defense in pending criminal case, above provided that I am defendant and the accused William Evans.

#6) I too am requesting this Court give an order giving me immediate access to any and all existing internet web sites' that provide satellite photographic pictures and recordings of 2007 locations. for example there is computer internet technology that provides live photographic photographs of locations that allow you to zoom-in close for detail observation. This technology is necessary in my case to prove the existance of pod video surveillance cameras' Chicago police department are now lieing saying they never existed to cover up the lie told by the officers whom arrested me via a illegal stop absolutely without any probable cause, that is now detaining detaining me, in prison and threating future prison detention. Some GPS navigation services allow and or provide such images.

But I am denied access to this technology that it's data systems and or hard drives and hard disks' that has exculpatory evidence for me in my pending case.

Therefore this Court should issue it's extra ordinary writ compelling I be given access to the same to prepare and present myself prose a effective complete defense or I be released from custody or freed of all charges.

Respectfully Submitted
By: William Evans
B08677
P.O. BOX999
PincKneyville, IL 62274

**CHICAGO POLICE DEPARTMENT**
# ARREST REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.420C/REV. 8/30)

**FINAL APPROVAL**

CB #: 16611464
IR #: 757036
YD #:
RD #: HN198135
EVENT #: 0705700580

---

**Name: EVANS, William A**

Res: 305 184th St, #22
Harvey, IL 60426
773-981-0007

Beat: 3100

DOB: 28 November 1967
AGE: 39 years
POB: Illinois
SSN: 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
STID : 15292167338E - ILLINOIS

Male
Black
6' 03"
250 lbs
Brown Eyes
Black Hair
Short Hair Style
Light Brown
Complexion

Marks:  Tattoo Map Of Africa on Lower Right Arm
        Tattoo Anchor on Lower Left Leg

---

**Arrest Date: 26 February 2007 01:15**     TRR Completed? No     **Total No Arrested:1     Co-Arrests          Assoc Cases**
Location: 1932 E 75th St                    Beat: 333                                        DCFS Ward ?  No
          Chicago, IL 60649
          304 -  Street                                          Dependent Children? No
Holding Facility: District 003 Lockup
Resisted Arrest?   No

---

|   |               |                         | Victim |
|---|---------------|-------------------------|--------|
| 1 | Offense As Cited | 720 ILCS 5.0/24-1.1-A | State Of Illinois, P.O. D. Murillo #18710 |
|   |               | UUW - WEAPON - FELON, POSSESS/USE FIREARM | |
|   |               | Class 3 - Type F | |
| 2 | Offense As Cited | 720 ILCS 570.0/402-C | State Of Illinois, P.O. D. Murillo #18710 |
|   |               | PCS - POSSESSION - LESS THAN 15 GRMS - HEROIN | |
|   |               | Class 4 - Type F | |
| 3 | Offense As Cited | 430 ILCS 65.0/2-A-1 | State Of Illinois, P.O. D. Murillo #18710 |
|   |               | FIREARM W/O VALID FOID/ELIG | |
|   |               | Class A - Type M | |
| 4 | Offense As Cited | 625 ILCS 5.0/6-303-A | State Of Illinois, P.O. D. Murillo #18710 |
|   |               | DRIVING ON A REVOKED LICENSE | |
|   |               | Class A - Type M | |
| 5 | Offense As Cited | 9-76-050(C) | City Of Chicago, P.O. D. Murillo #18710 |
|   |               | LIGHT, TAIL LIGHTS REQUIRED | |
|   |               | Class L | |
| 6 | Offense As Cited | 725 ILCS 5.0/110-3 | |
|   |               | ISSUANCE OF WARRANT | |

07-110910

66

Chicago Police Department - ARREST Report

CB # 11631409
EVANS, W

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

EVENT #006800

THIS IS AN ON-VIEW ARREST BY BT 306B IN THE LEVEL I DOC AREA IN THAT WHILE ON ROUTINE PATROL, A/O'S OBSERVED SUBJECT DRIVING LISTED VEHICLE WITHOUT TAIL LIGHTS. A/O'S CURBED VEHICLE AT LISTED LOCATION WHERE SUBJECT WAS UNABLE TO PRODUCE A VALID DRIVER'S LICENSE. SUBJECT PLACED IN CUSTODY, READ RIGHTS PER MIRANDA. CUSTODIAL SEARCH REVEALED (40) LIVE S & W 32 CAL. ROUNDS FROM SUBJECT'S RIGHT FRONT JACKET POCKET. CUSTODIAL SEARCH OF SEIZED VEHICLE REVEALED A H&R 632 (32 CAL.) BLUE STEEL REVOLVER WITH IVORY HANDLE WITH A 4 INCH BARREL (SERIAL # FILED OFF) LOADED WITH (6) LIVE ROUNDS UNDER DRIVER'S SEAT IN ARM'S REACH OF OFFENDER AS WELL AS A BLACK PLASTIC CONTAINER WITH (24) CLEAR PLASTIC BAGS CONTAINING A WHITE POWDERY SUBSTANCE SUSPECT HEROIN NEXT TO DRIVER'S SEAT. SUSPECT TRANSPORTED TO 003RD DISTRICT FOR PROCESSING. SUBJECT STATED WE WAS GOING TO SELL THE "HEROIN" AND NEEDED THE GUN FOR PROTECTION. SUBJECT DID NOT HAVE A VALID F.O.I.D. CARD. GUN DESK ZEP... #4727 NOTIFIED @ 0405HRS.

INVENTORIES: SUSPECT NARCOTICS-#10935510, HANDGUN, (40)ROUNDS, (6)ROUNDS-#10935613

HAS ID    NAME CHECK CLEAR    INVESTIGATIVE ALERTS CLEAR    GANG AFFILIATION DENIED

Desired Court Date:    06 March 2007
Branch: 38-2    727 E 111TH ST - Room
Court Sgt Handle?  No
Initial Court Date:  27 February 2007
Branch:  CBC-1  2600 S CALIFORNIA - Room - -
Docket #:

BOND INFORMATION NOT AVAILABLE

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| | | | |
|---|---|---|---|
| Booking Officer: | #18710    MURILLO, D. (PC0X360) | 26 FEB 2007 05:15 | |

| | | | Beat |
|---|---|---|---|
| 1st Arresting Officer: | #18710    MURILLO, D. (PC0X360) | | 0306B |
| 2nd Arresting Officer: | #3018    ESQUIVEL, J. (PC0X415) | | 0306B |

| | | | |
|---|---|---|---|
| Approval of Probable Cause : #206    MAROSE, W S (PC02617) | 26 FEB 2007 05:45 | | |



# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

January 25, 2008

Mr. William Evans
#B08677
P.O. Box 112
Joliet, IL 60434-0112

     RE:   *FOIA request, 2008FOIA19*

Dear Mr. Evans:

     Thank you for writing to Illinois Attorney General Lisa Madigan with your request for information pursuant to the Freedom of Information Act, 5 ILCS 140 *et. seq.*

The records you request, however, are not controlled or maintained by the Office of the Attorney General. Your inquiry regarding any visual surveillance cameras located at 75th and Phillips and Clyde and Constance and Easten belonging to the Chicago Police Department regarding a traffic stop should be directed to:

Chicago Police Department
Freedom of Information Contact:
CPD-Records Inquiry Division
3510 South Michigan
Chicago, IL 60653
Phone: (312) 745-5198

     I am enclosing your original letter for your convenience. Thank you again for contacting Attorney General Lisa Madigan.

Respectfully,

Terry Mutchler
Public Access Counselor
Assistant Attorney General

TM:jp

Enclosure



Richard M. Daley                    Department of Police ‹ City of Chicago                    Jody P. Weis
Mayor                            3510 S. Michigan Avenue ‹ Chicago, Illinois 60653            Superintendent of Police

Date:  February 18, 2008

Mr. William Evans B08677
P.O. Box 112
Joliet, IL 60434

Re:    NOTICE OF RESPONSE TO FOIA DOCUMENT REQUEST
       REQUEST DATE:  February 5, 2008
       FOIA FILE No.:    **08-0229**

Dear Mr. Evans:

The Chicago Police Department is in receipt of your Freedom of Information Act (FOIA) request for information on who to contact to file a complaint against the Police Department, information on the date of installation of Video Pods, and information pertaining to the capabilities of the Video Pods.

Your request was reviewed by the undersigned. It was determined that your request is granted. In regard to part 1 of your request, to file a complaint you must contact the Independent Police Review Authority.  They can be reached at (312) 745-3594 or the below address:

                    Independent Police Review Authority
                    10 W. 35th Street, 12th Floor
                    Chicago, IL 60616

In regard to part 2 of your request, the reason the Pods are installed is to target areas of gang and narcotics activity on the public way through the use of 24-hour video surveillance. Furthermore, there is a Pod located at 75th and Phillips.  It was installed on 27 January 2007.  There are no Pods located at the other intersections you inquired about.

In regard to part 3 of your request, please read pages 1-2 of Department Special Order 05-12 which details the capabilities of the Pod Cameras.

If I can be of further assistance, please contact me at (312) 745-5308, or the below address:

                    Chicago Police Department
                    Attn: Freedom of Information Officer
                    Records Inquiry, Unit 163
                    3510 S. Michigan Ave.
                    Chicago, IL 60618

Sincerely,

P.O. Rory P. O'Brien
Assistant Freedom of Information Officer
Department of Police
Record Services Division



Case 1:09-cv-03472  Document 1  Filed 06/17/2008  Page 13 of 37

| DATE OF ISSUE | EFFECTIVE DATE | NO. |
|---|---|---|
| 19 October 2005 | 20 October 2005 | 05-12 |

| SUBJECT | DISTRI-BUTION | RESCINDS |
|---|---|---|
| POD VIDEO SURVEILLANCE PROGRAM | B | Department Notice 03-41 |

RELATED DIRECTIVES
**General Orders:** The First Amendment and Police Actions; Felony Review by Cook County State's Attorney.

I.   **PURPOSE**

This directive:

A.   establishes the POD Video Surveillance Program for the implementation of fixed remote-surveillance PODS providing live video viewing and recording capabilities.

B.   establishes procedures and responsibilities for:

1.   the placement and movement of POD cameras.

2.   documenting and evaluating the effectiveness of POD camera placement on thirty-, sixty-, and ninety-day time frames.

3.   documenting exit strategy plans upon the expiration of POD camera placements.

C.   introduces the use of the following forms available online via Automated Directives:

1.   POD Placement Request form (CPD-21.965).

2.   POD Camera Information form (CPD-21.966).

3.   Camera POD/Image Retrieval Investigative Report (CPD-21.967).

D.   continues the use of the Fixed Remote Surveillance POD Video Repair/Retrieval Request form (CPD-21.957).

E.   defines certain terms relative to this directive.

F.   establishes the POD Video Surveillance Committee.

II.  **POLICY**

It is the policy of the Chicago Police Department's anti-crime strategy to target areas of gang and narcotics activity on the public way through the use of 24-hour video surveillance.  Target areas are identified using information gathered from narcotics-related calls for service, public-violence incidents, community input and complaints, and Deployment Operation Center intelligence.  Taken together, this information provides a clear picture of the areas in greatest need of police video surveillance.

III. **DEFINITIONS**

A.   **Fixed remote-surveillance POD (Police Observation Device)** - A self-contained video camera and recording device within a bullet-resistant protective case that:

1. can record from a distance criminal activity committed on the public way;

2. is remotely controlled and capable of sending real-time images to a control receiver case, the Office of Emergency Management and Communications Operations Center, or a district tactical office monitor (if equipped).

3. can scan 360 degrees and zoom-in on specific types of criminal activity;

4. has night-vision capability;

5. will be affixed to a street pole or other fixed object in designated areas consistent with this directive; and

6. displays the Department's star logo and is equipped with a highly visible blue flashing light.

B. **Control receiver case** – Electronic equipment designed to monitor video images and operate the camera of a fixed remote-surveillance POD. The control receiver case is designed to be operated from a Department vehicle and consists of the following:

1. Video transmitter antenna,

2. Monitor,

3. Joystick, and

4. Cigarette plug power adapter with on/off switch.

C. **EXIT STRATEGY PLAN** – A district-level strategy outlining the steps that will be taken to prevent chronic crime from returning to the area of deployment after a POD removal.

D. **DISPLACEMENT ANALYSIS** – A district-level analysis indicating the effects of the crime displaced by the PODS.

E. **PODS OPERATIONS CENTER** – The Office of Emergency Management and Communication's 24-hour information management center located at the Office of Emergency Management and Communications.

F. **CRIME DETECTION SPECIALIST** – A person assigned to the Office of Emergency Management and Communications Operation Center to monitor multiple POD images from gunshot detection alarms, criminal activity, and public safety incidents.

IV. **DUTIES AND RESPONSIBILITIES**

A. The Deputy Superintendent, Bureau of Crime Strategy and Accountability, will ensure:

1. a historical log is completed for each POD camera documenting dates, locations, placements, and removals.

2. placement of POD cameras are continuously monitored to maximize utilization of the system.

3. a POD Video Surveillance Program liaison is appointed to coordinate activities between district commanders, the Information Services



| Richard M. Daley | **Department of Police • City of Chicago** | Jody P. Weis |
| Mayor | 3510 S. Michigan Avenue • Chicago, Illinois 60653 | Superintendent of Police |

May 27, 2008

William Evans #B-08677
P.O. Box 112
Joliet, IL 60434

Re:    Appeal from Freedom of Information Denial
          File No.: 08-0229

Dear Mr. Evans:

Your appeal under the Illinois Freedom of Information Act (FOIA) to Superintendent of Police Jody P. Weis has been referred to me for review and response. After a thorough review of your appeal, I have concluded that Assistant Freedom of Information Officer Rory O'Brein provided you with information pursuant to your FOIA request. Specifically, Department Special Order 05-12 entitled "POD Video Surveillance Program" describes the capabilities of the POD cameras. Therefore, your appeal is denied pursuant to 5 ILCS 140/3(f) of the Freedom of Information Act, which states repeated requests for the same information, shall be considered an unduly burdensome request.

As a result of this denial and pursuant to 5 ILCS 140/11, you have the statutory right to file suit for declaratory or injunctive relief.

Sincerely,

Terrence Collins
Legal Officer
Office of Legal Affairs

cc:    Record Inquiry Section
         Jennifer Hoyle - Law Department

**Emergency and TTY:** 9-1-1 • **Non Emergency and TTY:** (within City limits) 3-1-1 • **Non-Emergency and TTY:** (outside City limits) (312) 746-6000

**E-mail:** police@cityofchicago.org • **Website:** www.cityofchicago.org/police

Memorandum

Date: 2/13/2008

To: Prosecuting Illinois States Attorney & Supervisor (& assistant)

From: William Evans, defendant pro se

Subject: Re: People v. William Evans, No. 07-CR-05962, discovery request

Hello; Richard A. Devine & Peter J. Troy

#1.) Please provide for inspection and reproducing and copying of the following material and information;

(A.) Any electronic surveillance in which the accused was a party, such as chicago police surveillance cameras posted and or located at, 75th and Phillips (Chicago, Illinois); 75th and Clyde, and 75th and constance, and 75th and Eastend; For the date of 2/26/2007 approximate time period 12:30 midnight to and through and including 1:30 am, 2/26/2007.

(B.) Please provide access to the computers in which have access to these chicago police department cameras including the hard-drives to reproduce deleted electronic files.

(C.) Please provide for inspection and reproduction and copying any and all log books written and electronic depicting the reasons and dates and times these cameras were installed, or removed, and by whom please identify.

(D.) Please provide access to certified copies or originals of the full capabilities and functions of these cameras. This request is made pursuant to Illinois Supreme Court Rule 412 (b) The state shall inform defense counsel if there has been any electronic surveillance; and pursuant to Ills. Ct. Rule 412(g).

<u>Illinois Supreme Court Rule</u> 412 paragraph (b)

<u>Committee Comments</u> 10/1/1971 (Pertinent part reads)
Because of the small number of cases in which
such activity is involved, the committee chose
to put the burden on the state to inform
defense counsel, rather than to require the
submission of a motion.

<u>Committee Comments</u> 10/1/1971 on paragraph (c)
is included to comply with the constitutional
requirement that the prosecution disclose, evidence
favorable to an accused where the evidence is
material either to guilt or to punishment.
(Brady v. Maryland, 373 U.S. 83, 87, 10 L. Ed. 2d 215,
218, 83 S. Ct. 1194, 1196-97 (1963).) Although the pretrial
disclosure of material is now not constitutionally
required, it is clear that, if a conviction is to
be valid, the material must be disclosed so that
the defense can make use of it. In providing
for pretrial disclosure, this paragraph permits
adequate preparation for, and minimizes inter-
ruptions of, a trial, and assures informed
pleas by the accused.

Respectfully Submitted Pro se
By: William Evans
B08677

On court writ from:
P.O. Box 999                      P.O. Box 112
Pinckneyville, Ill 62274          Joliet, Illinois 60434



**OFFICE OF THE STATE'S ATTORNEY**
**COOK COUNTY, ILLINOIS**

RICHARD A. DEVINE
STATE'S ATTORNEY

GERALD E. NORA
EXECUTIVE ASSISTANT FOR POLICY

**EXECUTIVE STAFF**
69 W. WASHINGTON, SUITE 3200
CHICAGO, ILLINOIS 60602
PHONE (312) 603-1839
FAX (312) 603-2655

May 5, 2008

William Evans
#B08677
P.O. Box 112
Joliet, Illinois 60434

Dear Mr. Evans:

This is in response to your April 27, 2008 Freedom of Information Act request.

We have no information responsive to your request. You are seeking information that belongs to the Chicago Police Department.

Sincerely,

Gerald E. Nora
Executive Assistant for Policy

**FREEDOM OF INFORMATION REQUEST**

STATE OF ILLINOIS        ( 1

7158

| | |
|---|---|
| Name of Agency | City |
| **Illinois State Police** | **Springfield** |

Address  **Freedom of Information Office**
**801 S. 7th St., Ste 1001-A PO Box 19461  IL 62794-9461**

Requestor's Name (Or business name if applicable)
**William Evans  B08677**

Street Address
**Post Office Box 112**

| City | State | Zip |
|---|---|---|
| **Joliet** | **Illinois** | **60434** |

**INSTRUCTIONS:**

Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature Block.  Send copies 1 and 2 to the Agency.  Keep the 3rd copy for reference.  Send no money at this time.  Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| Date of Request | Phone Number |
|---|---|
| **01/30/2008** | |

CERTIFICATION REQUESTED [    ] YES        [ X ] NO

Requestor's Signature
**(NOT REQUIRED)**

**DESCRIPTION OF RECORDS REQUESTED:**

**SEE ATTACHED.**

[ X ]  REQUESTING COPIES          [   ]  TO INSPECT RECORDS

AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)

**APPROVED**

[   ]  The documents requested are enclosed.

**The Illinois State Police has no records regarding this request or the information you seek.**

[   ]  The documents will be made available upon payment of copying costs  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

[   ]  You may inspect the records at  _____

on the date of  _____

**DENIED**

[   ]  The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[   ]  The materials requested are exempt  under Section 7 _____ see below _____ of the Freedom of Information Act for the following reasons:

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
|---|---|
| | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: |

**DEFERRED**

[   ]  Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

| | Date of Reply |
|---|---|
| FOIA Officer | |
| Bridget DePriest | **4/7/2008** |

The information required by the form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center.

IL 001-0005 (6/84)

Memorandum

1-18-2008

To: Illinois State Police Legal Counsel/Attorney (Arthur R. Sebek)

From: William Evans, I.D.O.C, prisoner #B08677

Subject: Suppression by Chicago Police Department of Exculpatory Evidence

Hello: Mr. Sebek, or whom it may concern:

.158

I am William Evans and I am pro se and I was arrested for allegedly driving without any tail lights on, as basis of proble cause for stoping me inwhich resulted in arrest.

However I had my headlights on and taillights were working fine; and I was under electronic surveillance of chicago police cameras from 75th and Phillips and Clyde and Constance and eastend too, during alleged traffic violation.

However according to Thomas Zeleny chicago police department answer to the subpoena for access to 75th and Clyde's Camera or any near there to, the coverage for the date 2/26/2007 approximate time 1:00am - 1:15 am no camera was ever there; and the closes his investigation reveals is on Phillips. But he nevertheless fail to review the coverage of that camera and the time frame. He should have requested access to the computers accessing these cameras and the log books revealing when they were installed and by whom. The electronic files and access to the hard-drives to reproduce deleted files for that date and time by computer forensic specialist. But he did'nt regardless of my request. So I fired rim requested to proceed,

prose 1/10/2008 my motion was granted. I too had requested to be released on my own recognizance or be appointed new attorney I was denied that.

However I am detained at stateville as a parole violator but I pled not guilty and have not been convicted of any crime by the court now alleged. But prisoner review board has found me guilty on arrest report aloan. I am being punished without any conviction. Denied to do my own investigation. Thomas Zeleny and/or his investigator are crooks or liars; some thing! They say Mr. Carter from Carters funeral home states he's been on 75th and clyde over 20 years and never seen a C.P.D. camera put up or taken down. I am from this area frequent this area on a regular basis I know where all the cameras were while I was in the area. Even the private owned cameras.

However is there public access to information regarding these Chicago Police Cameras location and installation and capability? That the state Police have information of? Is there formal complaints I can file through and or in the Illinois states police office for persons obstructing criminal investigations i.e. for obstructing justice? Can I call for an official state investigation into the existence of these c.p.d. cameras and computers that accessed them for time and,

date tracting of the use and opperation of these cameras; and reproduction of deleted flectronic files from the police car's lap tops-and police station computers, accessing these eletronic surveillance C.P.D. cameras? By or through this office?

Please answer me as required pursuant to the freedom of information act.

This request is made pursuant to the freedom of information act.

So pursuant to the freedom of information act please provide me any and all information that the Illinois state police has regarding the existance of these c.P.D. surveillance cameras; and any and all complaint forms I can file against the C.P.D. and or arresting officers with or in this office. And the public defender and investigator used by him.

Any and all information I can file requesting a state police investigation and the necessary forms to complete.

And what if anything can the Illinois State Police office do about one's obstructing justice; and that include stateville correctional center denying me grievances forms and access to law library.

Please reply as prompt as the freedom of information act require by law.

Respectfully Submitted

By: William Evans

B08677

P.O. BOX 112

Joliet, Illinois 60434



**SUPREME COURT OF ILLINOIS**
SUPREME COURT BUILDING
SPRINGFIELD 62701

February 22, 2008

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. William Evans
Reg. No. B-08677
Stateville Correctional Center
P. O. Box 112
Joliet, Illinois  60434

   Re:  M12029 -  William Evans, petitioner, v. Cook County Public Defender's
        Office et al., respondents.  Mandamus.

Dear Mr. Evans:

   This office has today filed your motion for leave to file a petition for an original
writ of mandamus, styled as set forth above.  You are being permitted to proceed as
a poor person.

   Your motion will be referred to the Court, and you will be advised as to the
action taken.

   You are advised that your request for appointment of counsel will not be
considered unless the Court determines the appointment of counsel to be necessary
at the time they render a decision on your pending motion.

        Very truly yours,

        *Juleann Hornyak*
        Clerk of the Supreme Court

JH/jak
cc:    AG CrMadigan



**SUPREME COURT OF ILLINOIS**
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

March 3, 2008

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. William Evans
B 08677
PO Box 112
Joliet, IL 60434-0112

Dear Mr. Evans:

In response to your correspondence of February 17, 2008, this is to confirm that your mandamus motion was filed in this office on February 22, 2008 under case No. MD 12029.

You will be advised of the Court's decision when it is rendered.

Thank you.

Very truly yours,

Juleann Hornyak

Clerk of the Supreme Court

JH:ah

In The Illinois Supreme Court

William Evans,
            Petitioner,

        v.

Public Defenders Office of
The State of Illinois, Cook County
Fifth District, and Thomas Zeleny,
And Supervisor Bob Lee; and the
State of Illinois.
                    Respondents

Case No. __MD 12029__
(To be provided by Clerk)

Petition For Direct Writ OF Mandamus

Now Comes I William Evans, petitioner pro se, petition for direct Writ of Mandamus; and state grounds as follows:

That I have requested for over 9 months repeatedly to Attorney Thomas Zeleny of Cook County public defender's Law office district five bridgeview, Illinois in the matter of People v. William Evans, # 07-CR-05962 in the circuit court of cook county, Illinois criminal division, fifth district for private investigator to go out to the alleged crime location to investigate question potential witnesses to the existence of Chicago police surveillance cameras at 75th and clyde, and also 75th and phillips, and 75th and constance and Eastend, In chicago, Illinois. All the adult residents of each block and business from phillips, clyde, constance and Eastend then the residences included above the businesses on this 75th avenue where near alleged crime took place. In light of the fact the Chicago Police Department arresting officers alleged as probable cause to pull me over, they observed me driving without taillights on along 75th and curb me at 1932 East 75th street. Each place I've indicated would unbroken ly have had me in view before and after the alleged violation of the vehicle code. C.P.D. now reply to subpoena that 75th and clyde camera never existed or none-near thereto and phillips is the closes camera. Inwhich is a lie; and I then asked the public defender to file motion for access to the computers that access these cameras and hard drives and request the appointment of computer forensic specialist to go into the harddrives to reproduce the sceine of events to find out the truth. Even if electronic files have been deleted.

(page #1)

In light of the fact it can be cause it has already been admitted that 75th and phillips camera exist, the computers that access and operate 75th and phillips camera for February 2007 operated clyde, constance and eastend cameras too; and that discovery alone will prove C.P.D. hiding evidence then on top to include they lied about probable cause i.e. my taillights being out. Would be grounds for dismissal of indicted charges against me, But solely due to financial consideration between I a indigent prisoner of the state of Illinois and my exercise of state right to access to instruments i.e. private investigator and computer forensic specialist needed to vindicate legal rights to be free from unreasonable search and seizure, I am denied a private investigator and computer forensic specialist and open communication with my state appointed public defender. In the effective assistance of Counsel; had I a indigent prisoner of the state had been fortunate enough to afford a paid attorney and a investigator and specialist, I would have been vindicated and C.P.D. (chicago Police Department) would have been compelled long ago to produce disclose access to the electronic surveillance or the state would have been compelled to withdraw all charges. But the only communication is by 3 minutes before I go into before Judge Stewart. I was arrested 2/26/2007 and this issue is clearly due to the delay; and is prejudicial in light of the fact, memories fade, evidence dissipates depriving me of my state right to and federal right to not be deprived of liberty without due process of law or denied access to needed instruments of defense to vindicate legal rights. All based on my financial situation not being able to pay. In which is repugnant to the constitution.

I fired public defender Thomas Zeleny for these reasons moved by motion to proceed prose 1/10/2008 Victoria A. Stewart granted me leave to proceed prose 1/10/2008 gave me a continuence until 2/13/2008 in which time

page #2.

I filed pro se motions requesting appointment of private investigator and computer forensic specialist Judge Victoria A. Stewart denied both motions; then told me to read and sign a form that included I waive my right to effective assistance of counsel; even though I filed a motion she denied for reappointment of counsel because Thomas Zeleny was ineffective assistance of counsel for above reasons. This document I refused to sign under the circumstances; being denied private investigator and computer forensic specialist first by public defenders office to do the full invesigation and then by the court while acting-proceeding, pro se. Victoria A. Stewart too would not allow me to speak on record to tell her all of the above so what I needed to convey I have been denied to be heard on record in pretrial now pending. And Thomas Zeleny has been forced back on me again. Whom told me his suppervisor may not allow for him to send an investigator out and question everyone I am requesting be questioned and identified to be subpoenaed as witnesses, to prove the cameras C.P.D. claim never existed did exist.

However without the investigator doing so without the computer forensic specialist I have no defense period. I emphatically need these instruments to vindicate my legal right to be free from unreasonable search and seizure pursuant to the fourth amendment of the united states constitution.

<u>Relief Sought</u>

Issuence of Writ of Mandamus Compelling at state expense appointment of private investigator and computer forensic specialist and effective assistance of counsel at every stage of my criminal case pending now. <u>People v. William Evans</u>, No. 07-CR-05962 in Cook County Circuit Court, bridgeview criminal division fifth district, before the opportunity is lost forever, to discover evidence

(page #3)

Respectfully Submitted
By William Evans
B08677
P.O. Box 112
Joliet, IL 60434

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

March 21, 2008

Mr. William Evans
Reg. No. B-08677
Stateville Correctional Center
P. O. Box 112
Joliet, IL 60434

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No. 12029 - William Evans, petitioner, v. Cook County Public
            Defender's Office et al., respondents.   Mandamus.

            The motion by petitioner for leave to file a
            petition for an original writ of mandamus is
            <u>denied</u>.

cc: Hon. Lisa Madigan

# Law Office of the
## COOK COUNTY PUBLIC DEFENDER

10220 S. 76TH AVENUE • DISTRICT 5 • BRIDGEVIEW, IL 60455 • (708) 974-6470 • FAX: (708)974-6057

Edwin A. Burnette ° Public Defender

February 19, 2008

William Evans, Reg. No. B-08677
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Dear Mr. Evans:

I have reviewed your case and all the investigation requests regarding surveillance cameras on 75th Street near the site of your arrest. Mr. Zeleny has shared with you the results of these investigations. I have requested Mr. Zeleny again to review with you the results of his investigations prior to your next appearance before Judge Stewart.

You are simply wrong about there being surveillance cameras at 75th and Clyde. While I can understand your disappointment in being wrong/mistaken about the surveillance cameras, your disappointment does not change the facts. All necessary investigations have been completed. No additional investigations to pursue your mistake or delusion will be conducted.

I encourage you to work with and listen to Mr. Zeleny regarding your case. Mr. Zeleny will continue to be the assigned attorney representing you. If you can not accept Mr. Zeleny as your attorney you have the right to hire private counsel or to represent yourself (pro se). I do not advise representing yourself. In my experience inmates do not have the ability, intelligence, experience, or objectivity to properly act as their own counsel.

Good luck whatever you decide.

Yours truly,

ROBERT E. LEE, Chief
Fifth District - Bridgeview

REL/tln
pc: Tom Zeleny
    File

State of Illinois )
                  )  - ss -
County of Cook    )

## Affidavit

I, Joseph Lewis _____ prisoner number # R56981
first duly sworn upon oath under the penalties of perjury as provided
by law certify and swear pursuant to 735 ILCS 5/1-109 that the
following testimony and statement is true and correct, and if called to
testify to the same being true I would affirm the same to be true;

#1.) That I was in free society during the whole month of
     February 2007 through and including to may 2007.

#2.) That I've personally have seen cameras with chicago
     police department printed on them throughout the
     city of chicago, Illinois; And they are very easy to
     identify because of their size and blue flashing light,
     and very visable police star and titled name, chicago
     police department, depicted on them.

#3.) That I've seen this during my time frequenting the
     South shore area on 75th and eastend and on 75th
     and phillips. Without question or doubt, I remember this
     to be fact. Affiant sayeth further not;

Date: 1-10-2008               Joseph Lewis
                              (Affiant signature)

State OF Illinois )
                    )—SS—
County OF COOK )

## Affidavit

I, MAuRice Mitchell, I.D.O.C. #K-58848, first duly sworn upon oath and under penalties of perjury as provided by law, pursuant to 735 ILCS 5/1-109; State and swear the following to be true and correct:

#1.) I was free in chicago Illinois in 2007.

#2.) I personally observed in 2007 chicago police department electronic video Pod surveillance cameras located at 75th and Clyde's north west corner; 75th and Constance north west corner; and another one near 75th and Eastend's north corner next to car wash.

#3.) I am providing this information without threat or compulsion or reward of any Kind. Affiant sayeth further not.

This 5/13/2008          By: MAURICE MITCHELL
                            (Affiant Signature)

                        Id# K-58848

                        Correctional Center
                        LAWRENCE

5

Revised 9/2007

State Of Illinois )
                  ) -SS-
County of Cook    )

## In The Circuit Court OF Cook County, Illinois

People Of The State Of Illinois
                    Plaintiff

                                    Case No. 07-CR-0596201

          V.
William Evans,
                    Defendant

## Proposed Order

This cause coming on to be heard on defendant William Evans prose Motion To Compel Chicago Police Department Disclose All Exculpatory Evidence; and this Court being fully advised in the premises; It is therefore ORDERED DEFENDANT'S Motion is Granted!

The Chicago Police Department is Ordered to Comply with Defendant's disclosure specified in the motion to compel within 30 days of the entry date of this Order! Non compliance will result in discovery Sanctions with prejudice! Such as dismissal of all charges!

Entry date : _____ 2008        By: _____

                                      _____

                                      _____

                                      _____

Mailed 5/5/2008
to cpd, cookcounty
States attorney, and clerk.

State OF Illinois ) -SS-
County OF Cook )

## In The Circuit Court OF Cook County, Illinois

People OF The State OF Illinois )
                        Plaintiff, )
                                    )     Case No. 07-CR-0596201
                                    )
        v.                          )
William Evans,                      )
                        Defendant )

### Motion To Compel Chicago Police Department Disclose All Exculpatory Evidence

Now Comes William Evans, defendant, pro se; Motion To Compel Chicago Police Department Disclose All Exculpatory Evidence; and state exculpatory evidence to be disclosed, and grounds as follows:

#1.) The full disclosure of the computers' and their hard drives' and hard disks' from chicago police department's pods operation center - the office of emergency management and communication's 24 hour information management center located at the office of emergency management and communications, used in 2007, accessing pod video surveillance cameras located on 75th Street from 75th and Dorchester through and including 75th and Phillips, and 79th and Essex.

#2.) Full disclosure of the computers' and their hard drives' and hard disks' of the deputy superintendent, bureau of crime strategy and accountability that has all historical logs for pod video surveillance recordings' and locations, placements, and removals for 2007 for the south shore area.

#3.) The complete disclosure of the exact involvement of Cook County state's attorney in the chicago police department's electronic pod video surveillance program, from 10/19/2005 through and including 2/26/2007.

(Page #1.)

#4.) The complete disclosure of the involvement of any judge or magistrate or any judicial involvement of and in the chicago police department's pod video surveillance program from 10/19/2005 through and including 2/26/2007.

#5.) Complete disclosure of the entire chicago police department pod video surveillance program; and that is including how far and or how many feet and/or yards exactly can the electronic pod video surveillance cameras can record before and after zoom-in capabilities are used.

#6.) This motion should be granted inlight of the fact, the arresting Chicago police officers' declare under oath and penalties of perjury they observed I the accused defendant driving without tail lights as probable cause to curb I the accused defendant William Evans at 1:15am at 1932 East 75th Street Chicago, Illinois 60649 Whom they arrested; and inlight of the fact this information will show a discovery violation by the state that is damaging to me, and in light of the fact chicago police department have already denied the existance of any electronic surveillance of I the accused defendant, and so have the prosecuting state's attorney; and inlight of the fact the chicago police department, have acknowledged in a reply to my freedom of information act request that there is a pod video surveillance camera at 75th and phillips and has been there since 1/27/2007. Attached and incorporated herein and refered to by reference hereto; and in light of the fact these cameras have a self-contained video camera and recording device that's on 24 hours with night vision and zoom-in lens with 360 degree scan; and in light of the facts as provided by chicago police department they have crime detection specialist—a person assigned to the office of emergency management and communications operation center to monitor multiple pod images from gunshot detection alarms, criminal activity, and public safety incidents. See e.g. chicago, police department special order date issued 10/19/2005 and effective date 10/20/2005 No. 05-12 pod video surveillance program reviewed by cook County state's attorney. Attached and incorporated herein and and refered to by reference hereto.

(Page #2)

"In light of the fact cook county state's attorney have already claim there was no electronic surveillance. Date tracking and time tracting of the surveillance video camera on 75th and phillips and the one on 79th and Essex will locate me there and establish the direction, that I came from and was heading with tail lights on and head lights too, and also show the chicago police department, police officers in tow, whom alleged the traffic violation that gave them their probable cause to Curb I the accused defendant, and search and seize me for purposes of the fourth amendment of the United States Constitution. This evidence the officers have Seized and now using against me through the state by the prosecutor and prosecutrix is questionable as fruit of a poisonous tree i.e. it can be refuted by this undisclosed and unproduced electronic evidence now in the possession of the chicago police department and have been right from the day of my arrest 2/26/2007, a video protraying the whole alleged traffic violation from means of police surveillance video pod cameras, a program reviewed by the cook county state's attorney.

Therefore it would be fundamentally unfairness in vidation of the 14th amendment of the United States Constitution to deny me access to the same that I can make use of it in informed pleas and or my defense. See e.g. Emmett v. Ricketts, 397 F. Supp. 1025(1975) Id at 1041; and Smith v. Fairman 769 F.2d 386 (7th Cir. 1985) Id at 390-392 both citing Barbee v. Warden Maryland Penitentiary, 331 F.2d 842, 846 (4th cir. 1964) and Brady v. Maryland, 373 U.S. 83, 83 S.ct. 1194, 10 L. Ed. 2d 215 (1963) Id at 87, 83 S. ct. at 1197. Also see, Illinois Supreme Court Rule 412 (b) and (c) and Committee comments 10/1/1971 for both.

All entitle me to access to the type and form of evidence I am seeking, or requires in the alternative the withdrawing or dismissal of all charges.

Respectfully Submitted

By: William Evans
B08677
P.O. BOX 112
Joliet, IL 60434

(Page # 3)