## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3473 | **DATE** | July 10, 2008 |
| **CASE TITLE** | United States ex rel. William Evans (B-08677) v. Circuit Court of Cook County | | |

**DOCKET ENTRY TEXT**

Petitioner is given 30 days from the date of this order to: (1) either pay the $5 filing fee or submit an *in forma pauperis* application on the Court's form, and (2) submit an amended petition on this Court's form and in accordance with the instructions of this order. Failure to comply with this order will result in dismissal without prejudice. The clerk is directed to send petitioner an *in forma pauperis* application, an amended petition form, and a copy of Circuit Rule 22.2, along with a copy of this order. Petitioner's motion to proceed *in forma pauperis* [3] is denied without prejudice his compliance with this order.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

    William Evans (B-08677), incarcerated at Pinckneyville Correctional Center, has submitted a petition for habeas corpus relief. The clerk has accepted the petition for docketing pursuant to Fed. R. Civ. P. 5(e) even though neither the petition nor the motion to proceed *in forma pauperis* are on the Court's forms as required under N.D. Ill. Local Rules 81.3 and 3.3. Local Rule 81.3(a) provides that petitions for habeas relief be submitted on the form approved by the Court's Executive Committee. Local Rule 3.3 requires that all litigants either pay the statutory filing fee or file a motion to proceed *in forma pauperis* on the Court's form application. Inmates seeking to proceed *in forma pauperis* must include a certificate by an authorized officer stating the amount of money they have on deposit in their trust fund account and a copy of their prison trust fund account.

    If petitioner wants to proceed on his current petition for a writ of habeas corpus, within 30 days of the date of this order, he must (1) submit an amended petition on the Court's form and (2) either pay the $5 filing fee or submit a completed *in forma pauperis* application, including a certificate by an authorized officer and a copy of his trust fund account. Petitioner must write the case number and title of this case on the amended petition and on the *in forma pauperis* application. Petitioner's failure to comply with this order within 30 days will result in dismissal of this action without prejudice. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

    Also, because the Court has previously addressed and dismissed a petition for habeas relief filed by petitioner, see *Evans v. Johnson*, No. 07-1942, the Court advises him that he may not file a second or successive federal habeas petition challenging the same conviction or state court action unless and until he obtains authorization from the Seventh Circuit. The Court has no jurisdiction to consider a successive 28 U.S.C. § 2254 application. *See* 28 U.S.C. 2244(b); *White v. United States*, 371 F.3d 900, 903 (7th Cir. 2004); *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). If the current habeas petition challenges the same state court action as the petition in No. 07-1942, petitioner should follow the instructions in Circuit Rule 22.2 to obtain permission from the appellate court to file a successive habeas petition.

    The clerk shall forward to petitioner an amended petition form, an *in forma pauperis* application, and a copy of Circuit Rule 22.2.

Courtroom Deputy Initials: isk

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.