


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



William Evans

_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Circuit Court Of Cook County,
and Victoria A. Stewart; and Chicago
Police Department, and Jody P. Weis;
and Thomas Zeleny, and Robert C.
Lee; and Illinois State's Attorney
Richard A. Devine; and I.D.O.C.

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: **08-C-3473**
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**    (Amended Complaint)

✓    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

A.   Name: __William Evans__

B.   List all aliases: __N/A__

C.   Prisoner identification number: __B08677__

D.   Place of present confinement: __PincKneyville, Correctional Center__

E.   Address: __P.O. BOX 1000, 5835 Route 54, Pinckneyville, IL 62274__

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: __Circuit Court of Cook County__

     Title: __State municipal Criminal Court__

     Place of Employment: __10220 South 76th Avenue, Bridgeview, IL 60455__

B.   Defendant: __Victoria A. Stewart__

     Title: __Circuit Judge__

     Place of Employment: __10220 South 76th Avenue, Bridgeview, IL 60455__

C.   Defendant: __Jody P. Weis__

     Title: __Superintendent OF Chicago Police Department__

     Place of Employment: __Chicago Police Department, 3510 South Michigan Avenue Chicago, ILinois 60653__

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

( page #2 )

Revised 9/2007

D.  Defendant: Chicago Police Department
   Title: Chicag Police Department
   Place of Employment: 3510 South Michigan Avenue, Chicago, IL 60653

E.  Defendant: Thomas Zeleny
   Title: Attorney
   Place of Employment: Law office of the Cook County Public Defender
   10220 S. 76th Avenue · District five, Bridgeview,
   Illinois 60455

F.  Defendant: Robert E. Lee
   Title: Chief of Law office of the Cook County Public Defender
   Place of Employment: 10220 S. 76th Avenue District five,
   Bridgeview, Illinois 60455.

G.  Defendant: Illinois Department of Corrections
   Title: Illinois Department OF Corrections.
   Place of Employment: 1301 Concordia Court, Springfield, Illinois,
   62794-9277

H.  Defendant: State of Illinois Prosecutor Richard A. Devine
   Title:     Prosecuting State's Attorney
   Place of Employment: 69 W. Washington, Suite 3200, Chicago, Illinois,
   60602

Each defendant has acted under Color of law, under
Color of State law at all times mentioned, herein;
Each defendant is hereby sued in both their individual
and official capacities, for violating the Constitutional
rights of I William Evans prose.
Both municipality and State agents and agencies
and municipal personnel; In People v. William Evans, 07-CR-0596201;
In The circuit Court of Cook County Illinois, Fifth Municipal District
Now pending.

(page #3)

III.    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: *William Evans v. Lois Godberry, et al, (U.S. app. ppth Cir. # 01-1547)*

B.    Approximate date of filing lawsuit: *don't recall maybe (2000)*

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D.    List all defendants: *Godberry; Gales, and Page.*

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): *U.S. District Court for the Southern District of Illinois.*

F.    Name of judge to whom case was assigned: *William ~ L. Beatty*

G.    Basic claim made: *Don't remember*

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): *dismissed*

I.    Approximate date of disposition: *don't remember*

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

*I Don't Rember the name of the defendants to other cases, or the judges or exact courts. But I have the following appeal numbers 96-2400, 97-2289, 97-2692, 97-3519, 00-2370*

Revised 9/2007

*(Page#4)*

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

#1.) Defendants', the Circuit Court OF Cook County, and Judge Victoria A. Stewart are currently denying I, party Plaintiff William Evans, right to effective assistance of Counsel, and self represen-tation, in People v. William Evans, #07-CR-0596201, and are too denying me the right to present a effective complete defense and presentation of all facts and circumstances, during pretrial, totally sabotaging my defense.

#2.) Chicago, Police, Department (C.P.D.) and Superintendent Jody P. Weis are currently withholding exculpatory evidence; as a result handicapping my trial preparation, ability to present a effective complete defense and all facts and circumstances, in People v. William Evans, 07-CR-0596201, in the circuit Court of Cook County, they are suppressing exculpatory evidence, during pretrial for over one year now and counting.

#3.) Thomas Zeleny and his Supervisor Robert E. Lee has denied I party plaintiff, William Evans, effective assistance of Counsel, by failing to and refusing to thoroughly investigate, by contacting witnesses' Whom locations has been given to them, and failing to make any effort of their own to locate and Contact other eye witnesses, whom will testify to the existance of Chicago Police Department electronic pod video surveillance cameras; And



(Page #5)

Revised 9/2007

Thomas Zeleny ~~attorney~~, purposely to sabotaging my defense, refuse to file Motion to Compel Disclosure against Chicago Police Department, and it's Superintendent Jody P. Weis, to disclose exactly how far Chicago police department electronic pod video surveillance Camera can record in yards or any measurement. After investigator informed them as to the existance of a Pod video surveillance Camera at 75th and Phillips; After I informed them both Zeleny and Lee of the fact there was a pod video surveillance (Pod herein after) at 75th and Clyde, 75th and Constance and Near 75th and Eastend 2/26/2007 date of my arrest; They refuse to question all residents of these blocks in the city of Chicago, and business owners and employees near there, and students and employees of South Shore High School located on 75th and 76th and Constance. Regardless the fact Chicago Police officers' whom arrested I Party Plaintiff William Evans, alleged and declared under penalties of perjury they observed me driving without tail lights on and curbed me for this reason at 1932 East 75th street 2/26/2007 at 01:15 (am); and Regardless the fact I told Mr. Thomas Zeleny and Robert E. Lee that my tail lights were on and the Pod's recordings will show a full pictured video recording that will show that my tail lights were on or off and if the arresting officers filed a fraudulent deceptive police report and gave ~~of~~ testimonies before grand jury under oath and penalties of perjury to this falsehood as probable cause to curb me i.e.

(Pages #6)

to conduct a traffic stop. These pods are linchpin of the State's case against party plaintiff William Evans; defendant to: People v. William Evans, #07-CR-0596201, in the circuit court of Cook County, Illinois Fifth Municipal district, Now pending!

But for the failure by the defendant Thomas Zeleny to file a motion to compel full disclosure of the pod surveillance program including disclosure of how far in distance the pod's can record with and without night vision, before and after zoom-in capabilities; Thomas Zeleny would know he could have and could have shown the material relevance of the recorded video records from the 75th and phillips pod camera that is only approximately 300 yards away from 75th and clyde. Where I say a pod was 2/26/2007 date of my arrest; in which chicago police department claim never was there, or near there; I can see 600 yards; I am sure a surveillance camera can too, and more clear-cut

But for this failure to file such a motion I've been denied to show the judge Victoria A. Stewart the chicago police department is withholding exculpatory evidence, suppressing exculpatory evidence; that there was no probable cause to curb me; and therefore too the seizure of my person and search was illegal; and the exclusionary rule would or should be invoked excluding all evidence obtained as a result, compelling dismissal of all criminal charges now pending as a direct result of the illegal stop, and arrest that was the exploitation of the same. Solely due to the ineffective assistance of counsel by Thomas Zeleny and Robert E. Lee; and Judge Victoria A. Stewart denial of I William Evans to self representation, and right to present myself a effective complete defense, for over one year now, or reappointment of counsel. In criminal case now pending; thus my case is being sabotage to shield two dirty chicago police. The same has been presented to Illinois Supreme Court to no avail by direct petition for writ of mandamus attached and incorporated herein and refered to by reference hereto.

(page #7)

#4.) Illinois Department of Corrections, (I.D.O.C. Herein After) Per it's policy are denying ∞ Party plaintiff William Evans, prisoner (I.D. # B08677)

All access to computers and the internet thus depriving me of access to west laws most updated legal research tools; and denying access to G P S (Global Positioning System) for navigation (and or surveillance) that fixes a position relative to military satellites circling the earth and then converts it to longitude and latitude. It's accurate to within fifteen feet, common technology used by citizens daily even on cell-telephones, lap-tops and PC-computers. Such technology will provide clear images of my arrest location and area showing addresses of potential witness; and also website that provide telephone numbers and names and addresses of listed persons at or near the location I was arrested including businesses. And websites to pro bono attornies; but I.D.O.C. policy denies me access. I.D.O.C. policies deny me access to neighborhood telephone books of the area I was arrested; And electronic computer directories and search engines.

As a direct result including no Shepard citation books an delays by months' computer citations from another facility besides where I.D.O.C. is detaining The Im deprived and denied effective ability to prepare and present a effective complete defense in pending criminal case, People v. William Evans, #07-CR-0596206. In the circuit court of Cook county, Illinois, fifth municipal district. Long delayed periods of law library access.

Because of these insufficiencies in the I.D.O.C. law libraries per it's own policies my freedom my ability to obtain my freedom

(page #8)

has been to date delayed and denied for over a year and counting, unlawfully denying me access to the court in my pending criminal case. Updated legal material are denied to me, the little access that is granted. I independently pursued this issue via institutional grievances to no avail.

#5.) Had I had effective assistance of counsel at every stage of my pending criminal proceeding; People v. William Evans, 07-CR-0596201; in the circuit court of Cook county Illinois fifth municipal district I would have been free from all criminal charges over a year ago, and counting.

Therefore, All defendants have acted under color of law, color of state law at all times mention; and all defendants are sued in their official as well as their individual capacities as agents of the state of Illinois. and municipal officials and municipality.

And fore these reasons and facts I say I have been injured and threatened with future injury by further incarceration in prison as a result of an arrest made from an illegal traffic stop in violation of my 4th amendment constitutional right to be free from illegal seizure and search. I am being denied exculpatory evidence by the state of Illinois, thus unreasonably seized (Now in pretrial) but pending interlocatory appeal.

#6.) The prosecution in People v. William Evans, 07-CR-0596201 above are denying me access to the electronic surveillance I was a party of 2/26/2007 prior to and during arrest made at 1932 East 75th Street, thus unreasonably seized.

Thus denying me exculpatory evidence, the state's prosecution has had since 2/26/2007 Suppressed purposely to conceal lies told by chicago policy officers and their department.

(page #9)

## Relief Requested From Court

Injunction ordering Chicago Police Department and state of Illinois prosecution authorities in People v. William Evans# 07-CR-0596201 either disclose, exactly how far the pods can record before and after zoom-in and night vision cabilities are used; compel full disclosure of all computers and hard drives, and hard disks and documents, of the pod video surveillance program, and from surveillances" from pods operations center — The office of Emergency Management and Communication's 24-hour information management center for 2007 located at the offices of emergency management and communications. 1411 West Madison Chicago, Illinois 60607, and crime control cameras Police Superintendent City of Chicago Police Department, 3510 South Michigan, Chicago, Illinois 60653, including deputy superintendent, bureau of crime strategy and accountability computers and hard drives' and hard disks' for 2007 including all video recorded pictures of surveillances" on 75th street from Phillips to Eastend, and 79th and Essex, chicago Illinois.

OR all criminal charges be dismissed in my criminal case People V. William Evans, 07-CR-0596201, with prejudice; Immediately in 2008;

$5,000,000 compensatory damages from Thomas Zeleny and Robert E. Lee And a declaratory judgement that they were ineffective assistance of Counsel; and from the chicago police department for unlawful imprisonment, and withholding exculpatory evidence.

$5,000,000.(five million dollars) in punitive damages from Thomas Zeleny and Robert E. Lee and that's jointly from them both; and the chicago police department for unlawful imprisonment, and legal malpractice & ineffective assistance of counsel, in People V. Evans, 07-CR-0596201, and withhold exculpatory evidence.

$5,000,000 in compensatory and punitive damage from Jody P. Weis.

Injunctive order compeling I.D.O.C. provide Computer access to use the internet to access GPS (Global Positioning Systems) and west Law's most updated legal research tools, books and data and information; and Googles.com and Yaahoo.com Search engines to secure witnesses and materially relevant evidence, (and access, west Law.Com) and time to prepare an effective complete defense in my criminal case People V. Evans, 07-CR-0596201. Immediately in 2008. At least (5) five hours law library time with all access I request 3 days Per-

Week; and to be binding on the successors in custody of I William Evans, including but not limitted to Cook County Department of Corrections, upon discharge of parole date 7-12-2008.

$5,000,000 in compensatory damages and punitive damages from the Circuit Court of Cook County, Illinois Fifth Municipal District, and Victory A. Stewart; And injunctive order compelling the Circuit Court of Cook County regardless of the judge presiding my criminal case, allow I William Evans, to proceed prose in People v. William Evans, #07-CR-0596201; Immediately with Computer forensic specialist, and investigator on my defense team at state expense, but of my choice; Immediately in 2008.

Injunctive order giving me 3 days per week or more; as needed for five hour periods Law library access including Computer and internet access to all legal research tools, and websites, and search engines to prepare myself a complete and effective defense; or the appointment of an attorney of my own choice whom I've been allowed to consult with first prior to the court officially appointing him or her at state expense; so I may know if he or she will be willing to agree to question all persons I request with the exact questions I am presenting; by the means I propose; and will communicate with me regularly keeping me reasonably informed of all developements good or bad;

Also so I can know before hand if the attorney has the necessary resources and time to represent me effectively. So I can make a informed decision whether I need or want to represent myself.

I party plaintiff (William Evans) demand trial by jury!

Temporary restraining order restraining Thomas Zeleny's or

(page #11)

any attorney from Cook County public defenders office from being involved in my criminal case People v. William Evans, #07-cr-0596201, in the Circuit Court of Cook county, Illinois, fifth municipal district.

Respectfully Submitted

By: William Evans

William Evans

B08677

P.O. BOX 999

Pinckneyville, IL 62274

(page #12)

## Certification

I William Evans, certify that the facts stated in this Complaint are true to the best of my Knowledge and belief. I understand that if this certification is not correct. I may be subject to sanctions by the court. Signed this 2-25- 2008.

By: William Evans

William Evans

B08677

P.O. BOX 999

Pinckneyville, IL 62274

**CHICAGO POLICE DEPARTMENT**
**ARREST REPORT**
1510 S. Michigan Avenue, Chicago, Illinois 60453
(For use by Chicago Police Department Personnel Only)
CPD-11.420C(REV. 6/05)

**FINAL APPROVAL**

CB #: 
IR #: 
YD #:
RD #: HN196135
EVENT #: 0705700680

Name: **EVANS, William A**
Res: 305  154th St, #22          Beat: 3100
    Harvey, IL  60426
    773-981-0007
DOB: 28 November 1967
AGE: 39 years
POB: Illinois
SSN: 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
STID : 15292167338E - ILLINOIS

Male
Black
6' 03"
250 lbs
Brown Eyes
Black Hair
Short Hair Style
Light Brown
Complexion

Marks:  Tattoo Map Of Africa on Lower Right Arm
        Tattoo Anchor on Lower Left Leg

Arrest Date: 26 February 2007 01:15     TRR Completed? No     Total No Arrested: 1     Co-Arrests          Assoc Cases
Location: 1932 E 75th St                 Beat: 333
         Chicago, IL  60649                                  DCFS Ward ?  No
         304 -  Street
Holding Facility: District 003 Lockup    Dependent Children? No
Resisted Arrest?  No

|   | Offense As Cited | | Victim |
|---|---|---|---|
| 1 | 720 ILCS 5.0/24-1.1-A | UUW - WEAPON - FELON, POSSESS/USE FIREARM Class 3 - Type F | State Of Illinois, P.O. D. Murillo #16710 |
| 2 | 720 ILCS 570.0/402-C | PCS - POSSESSION - LESS THAN 15 GRMS - HEROIN Class 4 - Type F | State Of Illinois, P.O. D. Murillo #16710 |
| 3 | 430 ILCS 65.0/2-A-1 | FIREARM W/O VALID FOID/ELIG Class A - Type M | State Of Illinois, P.O. D. Murillo #16710 |
| 4 | 625 ILCS 5.0/6-303-A | DRIVING ON A REVOKED LICENSE Class A - Type M | State Of Illinois, P.O. D. Murillo #16710 |
| 5 | 9-76-050(C) | LIGHT, TAIL LIGHTS REQUIRED Class 1 | City Of Chicago, P.O. D. Murillo #16710 |
| 6 | 725 ILCS 5.0/110-3 | ISSUANCE OF WARRANT | |

07-110910

Print Generated By: HOWARD, Robin ( PC0T630 )     Page 1 of 5          26 FEB 2007 10:36

Chicago Police Department - ARREST Report

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

EVENT #0065OD

THIS IS AN ON-VIEW ARREST BY BT 306B IN THE LEVEL I DOC AREA IN THAT WHILE ON ROUTINE PATROL, A/O'S OBSERVED SUBJECT DRIVING LISTED VEHICLE WITHOUT TAIL LIGHTS. A/O'S CURBED VEHICLE AT LISTED LOCATION WHERE SUBJECT WAS UNABLE TO PRODUCE A VALID DRIVER'S LICENSE. SUBJECT PLACED IN CUSTODY, READ RIGHTS PER MIRANDA. CUSTODIAL SEARCH REVEALED (40) LIVE S & W 32 CAL. ROUNDS FROM SUBJECT'S RIGHT FRONT JACKET POCKET. CUSTODIAL SEARCH OF SEIZED VEHICLE REVEALED A H&R 632 (32 CAL.) BLUE STEEL REVOLVER WITH IVORY HANDLE WITH A 4 INCH BARREL (SERIAL # FILED OFF) LOADED WITH (6) LIVE ROUNDS UNDER DRIVER'S SEAT IN ARM'S REACH OF OFFENDER AS WELL AS A BLACK PLASTIC CONTAINER WITH (24) CLEAR PLASTIC BAGS CONTAINING A WHITE POWDERY SUBSTANCE SUSPECT HEROIN NEXT TO DRIVER'S SEAT. SUSPECT TRANSPORTED TO 003RD DISTRICT FOR PROCESSING. SUBJECT STATED WE WAS GOING TO SELL THE "HEROIN" AND NEEDED THE GUN FOR PROTECTION. SUBJECT DID NOT HAVE A VALID F.O.I.D. CARD. GUN DESK ZEPEDA #4727 NOTIFIED @ 0405HRS.D

INVENTORIES: SUSPECT NARCOTICS-#10935510, HANDGUN, (40)ROUNDS,(6)ROUNDS-#10935513D

HAS ID      NAME CHECK CLEAR      INVESTIGATIVE ALERTS CLEAR      GANG AFFILIATION DENIED

| | |
|---|---|
| Desired Court Date:    06 March 2007 | |
| Branch:   38-2   727 E 111TH ST - Room | |
| Court Sgt Handle?  No | |
| Initial Court Date:   27 February 2007 | BOND INFORMATION NOT AVAILABLE |
| Branch:  CBC-1  2600 S CALIFORNIA - Room | |
| Docket #: | |

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| Arresting Officer: | #18710 | MURILLO, D (PO0X360) | 26 FEB 2007 05:15 |
|---|---|---|---|

| | | | | Star |
|---|---|---|---|---|
| 1st Arresting Officer: | #18710 | MURILLO, D (PO0X360) | | 03060 |
| 2nd Arresting Officer: | #2010 | ESQUIVEL, J (PC0X5)5) | | 13058 |

| Approval of Probable Cause : #205 | MAROSE, W S (PC02617) | 26 FEB 2007 05:45 |
|---|---|---|



# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

January 25, 2008

Mr. William Evans
#B08677
P.O. Box 112
Joliet, IL 60434-0112

     RE:   *FOIA request, 2008FOIA19*

Dear Mr. Evans:

     Thank you for writing to Illinois Attorney General Lisa Madigan with your request for information pursuant to the Freedom of Information Act, 5 ILCS 140 *et. seq.*

The records you request, however, are not controlled or maintained by the Office of the Attorney General. Your inquiry regarding any visual surveillance cameras located at 75th and Phillips and Clyde and Constance and Easten belonging to the Chicago Police Department regarding a traffic stop should be directed to:

Chicago Police Department
Freedom of Information Contact:
CPD-Records Inquiry Division
3510 South Michigan
Chicago, IL 60653
Phone: (312) 745-5198

     I am enclosing your original letter for your convenience. Thank you again for contacting Attorney General Lisa Madigan.

          Respectfully,

          Terry Mutchler
          Public Access Counselor
          Assistant Attorney General

TM:jp

Enclosure



Richard M. Daley
Mayor

Department of Police · City of Chicago
3510 S. Michigan Avenue · Chicago, Illinois 60653

Jody P. Weis
Superintendent of Police

Date:  February 18, 2008

Mr. William Evans B08677
P.O. Box 112
Joliet, IL 60434

Re:    NOTICE OF RESPONSE TO FOIA DOCUMENT REQUEST
       REQUEST DATE:  February 5, 2008
       FOIA FILE No.:    **08-0229**

Dear Mr. Evans:

The Chicago Police Department is in receipt of your Freedom of Information Act (FOIA)
request for information on who to contact to file a complaint against the Police Department,
information on the date of installation of Video Pods, and information pertaining to the
capabilities of the Video Pods.

Your request was reviewed by the undersigned. It was determined that your request is
granted. In regard to part 1 of your request, to file a complaint you must contact the
Independent Police Review Authority.  They can be reached at (312) 745-3594 or the
below address:

                    Independent Police Review Authority
                    10 W. 35th Street, 12th Floor
                    Chicago, IL 60616

In regard to part 2 of your request, the reason the Pods are installed is to target areas of
gang and narcotics activity on the public way through the use of 24-hour video surveillance.
Furthermore, there is a Pod located at 75th and Phillips.  It was installed on 27 January
2007.  There are no Pods located at the other intersections you inquired about.

In regard to part 3 of your request, please read pages 1-2 of Department Special Order 05-
12 which details the capabilities of the Pod Cameras.

If I can be of further assistance, please contact me at (312) 745-5308, or the below
address:

                    Chicago Police Department
                    Attn: Freedom of Information Officer
                    Records Inquiry, Unit 163
                    3510 S. Michigan Ave.
                    Chicago, IL 60618

Sincerely,

P.O. Rory P. O'Brien
Assistant Freedom of Information Officer
Department of Police
Record Services Division

**DEPARTMENT SPECIAL ORDER**

| | DATE OF ISSUE | EFFECTIVE DATE | NO. |
|---|---|---|---|
| | 19 October 2005 | 20 October 2005 | 05-12 |

| SUBJECT | DISTRI- | RESCINDS |
|---|---|---|
| POD VIDEO SURVEILLANCE PROGRAM | BUTION B | Department Notice 03-41 |

RELATED DIRECTIVES
**General Orders:** The First Amendment and Police Actions; Felony Review by Cook County State's Attorney.

I.   **PURPOSE**

This directive:

A.   establishes the POD Video Surveillance Program for the implementation of fixed remote-surveillance PODS providing live video viewing and recording capabilities.

B.   establishes procedures and responsibilities for:

1.   the placement and movement of POD cameras.

2.   documenting and evaluating the effectiveness of POD camera placement on thirty-, sixty-, and ninety-day time frames.

3.   documenting exit strategy plans upon the expiration of POD camera placements.

C.   introduces the use of the following forms available online via Automated Directives:

1.   POD Placement Request form (CPD-21.965).

2.   POD Camera Information form (CPD-21.966).

3.   Camera POD/Image Retrieval Investigative Report (CPD-21.967).

D.   continues the use of the Fixed Remote Surveillance POD Video Repair/Retrieval Request form (CPD-21.957).

E.   defines certain terms relative to this directive.

F.   establishes the POD Video Surveillance Committee.

II.   **POLICY**

It is the policy of the Chicago Police Department's anti-crime strategy to target areas of gang and narcotics activity on the public way through the use of 24-hour video surveillance.   Target areas are identified using information gathered from narcotics-related calls for service, public-violence incidents, community input and complaints, and Deployment Operation Center intelligence.   Taken together, this information provides a clear picture of the areas in greatest need of police video surveillance.

III.   **DEFINITIONS**

A.   **Fixed remote-surveillance POD (Police Observation Device)** - A self-contained video camera and recording device within a bullet-resistant protective case that:

the public way;

2. is remotely controlled and capable of sending real-time images to a control receiver case, the Office of Emergency Management and Communications Operations Center, or a district tactical office monitor (if equipped).

3. can scan 360 degrees and zoom-in on specific types of criminal activity;

4. has night-vision capability;

5. will be affixed to a street pole or other fixed object in designated areas consistent with this directive; and

6. displays the Department's star logo and is equipped with a highly visible blue flashing light.

B. **Control receiver case** - Electronic equipment designed to monitor video images and operate the camera of a fixed remote-surveillance POD. The control receiver case is designed to be operated from a Department vehicle and consists of the following:

1. Video transmitter antenna,

2. Monitor,

3. Joystick, and

4. Cigarette plug power adapter with on/off switch.

C. **EXIT STRATEGY PLAN** - A district-level strategy outlining the steps that will be taken to prevent chronic crime from returning to the area of deployment after a POD removal.

D. **DISPLACEMENT ANALYSIS** - A district-level analysis indicating the effects of the crime displaced by the PODS.

E. **PODS OPERATIONS CENTER** - The Office of Emergency Management and Communication's 24-hour information management center located at the Office of Emergency Management and Communications.

F. **CRIME DETECTION SPECIALIST** - A person assigned to the Office of Emergency Management and Communications Operation Center to monitor multiple POD images from gunshot detection alarms, criminal activity, and public safety incidents.

## IV. DUTIES AND RESPONSIBILITIES

A. The Deputy Superintendent, Bureau of Crime Strategy and Accountability, will ensure:

1. a historical log is completed for each POD camera documenting dates, locations, placements, and removals.

2. placement of POD cameras are continuously monitored to maximize utilization of the system.

3. a POD Video Surveillance Program liaison is appointed to coordinate activities between district commanders, the Information Services



Richard M. Daley
Mayor

Department of Police · City of Chicago
3510 S. Michigan Avenue · Chicago, Illinois 60653

Jody P. Weis
Superintendent of Police

May 27, 2008

William Evans #B-08677
P.O. Box 112
Joliet, IL 60434

Re:     Appeal from Freedom of Information Denial
        File No.:  08-0229

Dear Mr. Evans:

Your appeal under the Illinois Freedom of Information Act (FOIA) to Superintendent of Police
Jody P. Weis has been referred to me for review and response.  After a thorough review of your
appeal, I have concluded that Assistant Freedom of Information Officer Rory O'Brein provided
you with information pursuant to your FOIA request.  Specifically, Department Special Order 05-
12 entitled "POD Video Surveillance Program" describes the capabilities of the POD cameras.
Therefore, your appeal is denied pursuant to 5 ILCS 140/3(f) of the Freedom of Information Act,
which states repeated requests for the same information, shall be considered an unduly
burdensome request.

As a result of this denial and pursuant to 5 ILCS 140/11, you have the statutory right to file suit for
declaratory or injunctive relief.

Sincerely,

Terrence Collins
Legal Officer
Office of Legal Affairs


cc:     Record Inquiry Section
        Jennifer Hoyle - Law Department

_Memorandum_

Date: 2/13/2008

To: Prosecuting Illinois States attorney (& Supervisor) (& assistant)

From: William Evans, defendant pro-se

Subject: Re: <u>People V. William Evans</u>, No. 07-CR-05962, discovery request

Hello; Richard A. Devine & Peter J. Troy

#1.) Please provide for inspection and reproducing and copying of the following material and information;

(A.) Any electronic surveillance in which the accused was a party, such as chicago police surveillance cameras posted and or located at, 75th and Phillips (chicago, Illinois); 75th and clyde, and 75th and constance, and 75th and Eastend; For the date of 2/26/2007 approximate time period 12:30 midnight to and through and including 1:30 am, 2/26/2007.

(B.) Please provide access to the computers in which have access to these chicago police department cameras including the hard-drives to reproduce deleted electronic files.

(C.) Please provide for inspection and reproduction and copying any and all log books written and electronic depicting the reasons and dates and times these cameras were installed, or removed, and by whom please identify.

(D.) Please provide access to certified copies or originals of the full capabilities and functions of these cameras.

This request is made pursuant to Illinois Supreme Court Rule 412(b) The state shall inform defense Counsel if there has been any electronic surveillance; and pursuant to Ills. Ct. Rule 412(g).

<u>Illinois Supreme Court Rule</u> 412 paragraph (b)

<u>Committee Comments</u> 10/1/1971 (Pertinent part reads) Because of the small number of cases in which such activity is involved, the committee chose to put the burden on the state to inform defense counsel, rather than to require the submission of a motion.

<u>Committee Comments</u> 10/1/1971 on paragraph (c) is included to comply with the constitutional requirement that the prosecution disclose, evidence favorable to an accused where the evidence is material either to guilt or to punishment. (Brady v. Maryland, 373 U.S. 83, 87, 10 L. Ed. 2d 215, 218, 83 S.Ct. 1194, 1196-97 (1963).) Although the pretrial disclosure of material is now not constitutionally required, it is clear that, if a conviction is to be valid, the material must be disclosed so that the defense can make use of it. In providing for pretrial disclosure, this paragraph permits adequate preparation for, and minimizes interruptions of, a trial, and assures informed pleas by the accused.

Respectfully Submitted Pro se

By: William Evans

B08677

on court writ from:

P.O. Box 999

Pinckneyville, Ill 62274

P.O. Box 112

Joliet, Illinois 60434

**FREEDOM OF INFORMATION REQUEST**

STATE OF ILLINOIS          ( 1

7158

| Name of Agency | City |
|---|---|
| Illinois State Police | Springfield |

Address    Freedom of Information Office
801 S. 7th St., Ste 1001-A PO Box 19461  IL 62794-9461

Requestor's Name (Or business name if applicable)
**William Evans  B08677**

Street Address
**Post Office Box 112**

| City | State | Zip |
|---|---|---|
| Joliet | Illinois | 60434 |

**INSTRUCTIONS:**

Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature Block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| Date of Request | Phone Number |
|---|---|
| 01/30/2008 | |

CERTIFICATION REQUESTED [  ] YES     [ X ] NO

Requestor's Signature
**(NOT REQUIRED)**

DESCRIPTION OF RECORDS REQUESTED:

## SEE ATTACHED.

[ x ]  REQUESTING COPIES          [   ]  TO INSPECT RECORDS

AGENCY RESPONSE  (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)

**APPROVED**

[   ]  The documents requested are enclosed.

**The Illinois State Police has no records regarding this request or the information you seek.**

[   ]  The documents will be made available upon payment of copying costs   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

[   ]  You may inspect the records at   _____

on the date of   _____

**DENIED**

[   ]  The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[   ]  The materials requested are exempt under Section 7 ____see below___ of the Freedom of Information Act for the following reasons:

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
|---|---|
| | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: |

**DEFERRED**

[   ]  Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

| The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center. | FOIA Officer
Bridget DePriest | Date of Reply
4/7/2008 |
|---|---|---|

IL 001-0005 (6/84)

*Memorandum* — *Freedom of Information Act request*.

·1-18-2008

To: Illinois State Police Legal Counsel/Attorney (Arthur R. Sebek)

From: William Evans, I.D.O.C. prisoner #B08677

Subject: Suppression by Chicago Police Department of Exculpatory Evidence

Hello; Mr. Sebek, or whom it may concern;

I am William Evans and I am pro se and I was arrested for allegedly driving without any tail lights on, as basis of probable cause for stoping me inwhich resulted in arrest.

However I had my headlights on and taillights were working fine; and I was under electronic surveillance of chicago police cameras from 75th and Phillips and clyde and constance and eastend too, during alleged traffic violation.

However according to Thomas Zeleny chicago police department answer to the subpoena for access to 75th and clyde's camera or any near there to, the coverage for the date 2/26/2007 approximate time 1:00am - 1:15am no camera was ever there; and the closes his investigation reveals is on Phillips. But he nevertheless fail to review the coverage of that camera and the time frame. He should have requested access to the computers accessing these cameras and the log books revealing when they were installed and by whom. The electronic files and access to the hard-drives to reproduce deleted files for that date and time by computer forensic specialist. But he did'nt regardless of my request. So I fired him requested to proceed,

prose 1/10/2008 my motion was granted, I too had
requested to be released on my own recognizance
or be appointed new attorney I was denied that.
   However I am detained at stateville as a parole
violator but I pled not guilty and have not been
convicted of any crime by the court now alleged.
But prisoner review board has found me guilty
on arrest report alson, I am being punished
without any conviction. Denied to do my own inves-
tigation. Thomas Zeleny and/or his investigator are
crooks or liars; same thing! They say Mr. Carter
from Carters funeral home states he's been on 75th
and clyde over 20 years and never seen a C.P.D. camera
put up or taken down. I am from this area frequent
this area on a regular basis I know where all the
cameras were while I was in the area. Even the
private owned cameras.
   However is there public access to information regarding
these chicago Police Cameras location and installation
and capability? That the state Police have information of?
do there formal complaints I can file through
and or in the illinois states police office for
persons obstructing criminal investigations i.e. for
obstructing justice? Can I call for an official
state investigation into the existence of these C.P.D.
Cameras and computers that accessed them for time and,

date tracking of the use and operation of these cameras; and reproduction of deleted Electronic files from the police car's lap tops - and police station computers, accessing these electronic surveillance C.P.D. cameras? By or through this office?

Please answer me as required pursuant to the freedom of information act.

This request is made pursuant to the freedom of information act.

So pursuant to the freedom of information act please provide me any and all information that the Illinois state police has regarding the existance of these C.P.D. surveillance cameras; and any and all complaint forms I can file against the C.P.D. and or arresting officers with or in this office. And the public defender and investigator used by him.

Any and all information I can file requesting a state police investigation and the necessary forms to complete.

And what if anything can the Illinois State Police office do about one's obstructing justice; and that include stateville correctional center denying me grievance forms and access to law library.

Please reply as prompt as the freedom
of information act require by law.

Respectfully Submitted

By: William Evans

B08677

P.O. BOX 112

Joliet, Illinois 60434



**SUPREME COURT OF ILLINOIS**
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

February 22, 2008

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. William Evans
Reg. No. B-08677
Stateville Correctional Center
P. O. Box 112
Joliet, Illinois  60434

> Re:  M12029 -  William Evans, petitioner, v. Cook County Public Defender's
> Office et al., respondents.  Mandamus.

Dear Mr. Evans:

This office has today filed your motion for leave to file a petition for an original writ of mandamus, styled as set forth above.  You are being permitted to proceed as a poor person.

Your motion will be referred to the Court, and you will be advised as to the action taken.

You are advised that your request for appointment of counsel will not be considered unless the Court determines the appointment of counsel to be necessary at the time they render a decision on your pending motion.

Very truly yours,

*Juleann Hornyak*
Clerk of the Supreme Court

JH/jak
cc:   AG CrMadigan



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

March 3, 2008

Mr. William Evans
B 08677
PO Box 112
Joliet, IL 60434-0112

Dear Mr. Evans:

In response to your correspondence of February 17, 2008, this is to confirm that your mandamus motion was filed in this office on February 22, 2008 under case No. MD 12029.

You will be advised of the Court's decision when it is rendered.

Thank you.

Very truly yours,

Clerk of the Supreme Court

JH:ah

In The Illinois Supreme Court

William Evans,

      Petitioner,

    v.

Public Defenders Office of
The State of Illinois, Cook County
Fifth District, and Thomas Zeleny.
And Supervisor Bob Lee; and the
State of Illinois.

      Defendants

Case No. MD12029
(To be provided by clerk)

### Petition For Direct Writ OF Mandamus

Now Comes I William Evans, petitioner pro se, petition for
direct Writ of Mandamus; and state grounds as follows:

That I have requested for over 9 months repeatedly to Attorney
Thomas Zeleny of Cook County public defender's Law office district
five bridgeview, Illinois in the matter of People v. William Evans, #
07-CR-05962 in the circuit court of cook county, Illinois criminal
division, fifth district for private investigator to go out to the alleged
crime location to investigate question potential witnesses to the existance of
Chicago police surveillance cameras at 75th and clyde, and also 75th and
phillips, and 75th and constance and Eastend, In chicago, Illinois. All
the adult residents of each block and business from phillips, clyde, constance
and Eastend then the residences included above the businesses on this 75th
avenue where near alleged crime took place. In light of the fact the
Chicago Police Department arresting officers alleged as probable cause to pull
me over, they observed me driving without taillights on along 75th and curb
me at 1932 East 75th street. Each place I've indicated would unbrokenly
have had me in view before and after the alleged violation of the vehicle code.
C.P.D. now reply to subpoena that 75th and clyde camera never existed or none-near
thereto and phillips is the closest camera. In which is a lie; and I then asked the
public defender to file motion for access to the computers that access these cameras
and hard drives and request the appointment of computer forensic specialist to go into
the hard drives to reproduce the sceine of events to find out the truth. Even if
electronic files have been deleted.

(page #1)

In light of the fact it defendant Becaused

admitted that 75th and phillips camera exist, the computers
that access and operate 75th and phillips camera for February 2007
operated clyde, constance and eastend Cameras too; and that
discovery alone will prove C.P.D. hiding evidence then on top
to include they lied about probable cause i.e. my taillights
being out. Would be grounds for dismissal of indicted charges
against me, But Solely due to financial consideration between I a
indigent prisoner of the state of Illinois and my exercise
of state right to access to instruments i.e. private investigator
and computer forensic specialist needed to vindicate legal rights to be
free from unreasonable search and seizure. I am denied a private
investigator and computer forensic specialist and open communication
with my state appointed public defender. In the effective assistance of
Counsel; had I a indigent prisoner of the state had been fortunate
enough to afford a paid attorney and a investigator and specialist.
I would have been vindicated and C.P.D. (Chicago Police Department)
would have been compelled long ago to produce disclose access to the
electronic surveillance or the state would have been compelled to
withdraw all charges. But the only communication is by 3 minutes before
I go into before Judge Stewart. I was arrested 2/26/2007 and this issue
is clearly due to the delay; and is prejudicial in light of the fact, memories
fade, evidence dissipates depriving me of my state right to and federal
right to not be deprived of liberty without due process of law or denied
access to needed instruments of defense to vindicate legal rights. All based
on my financial situation not being able to pay. In which is repugnant
to the constitution.
    I fired public defender Thomas Zeleny for these reasons moved by motion to
proceed prose 1/10/2008 Victoria A. Stewart granted me leave to proceed prose
1/10/2008 gave me a Continuence until 2/13/2008 in which time

page #2.

I filed pro se motions requesting appointment of private investigator and computer forensic specialist Judge Victoria A. Stewart denied both motions; then told me to read and sign a form that included I waive my right to effective assistance of counsel; even though I filed a motion she denied for reappointment of counsel because Thomas Zeleny was ineffective assistance of counsel for above reasons. This document I refused to sign under the circumstances; being denied private investigator and computer forensic specialist first by public defenders office to do the full invesigation and then by the court while acting-proceeding, pro se. Victoria A. Stewart too would not allow me to speak on record to tell her all of the above so what I needed to convey I have been denied to be heard on record in pretrial now pending. And Thomas Zeleny has been forced back on me again. Whom told me his suppervisor may not allow for him to send an investigator out and question everyone I am requesting be questioned and identified to be subpoenaed as witnesses, to prove the cameras C.P.D. claim never existed did exist,

However without the investigator doing so without the computer forensic specialist I have no defense period. I emphatically need these instruments to vindicate my legal right to be free from unreasonable search and seizure pursuant to the fourth amendment of the united states constitution.

## Relief Sought

Issuence of Writ OF Mandamus Compelling at state expense appointment of Private investigator and computer forensic specialist and effective assistance of counsel at every stage of my criminal case pending now. People v. William Evans, No. 07-CR-05962 in Cook County Circuit court, bridgeview criminal division fifth district, before the opportunity is lost forever, to discover evidence

Respectfully Submitted
By William Evans
B08677
P.O. Box 112
Johet, IL 60434

(Page #3)

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

March 21, 2008


Mr. William Evans
Reg. No. B-08677
Stateville Correctional Center
P. O. Box 112
Joliet, IL 60434


THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:


No. 12029 - William Evans, petitioner, v. Cook County Public
            Defender's Office et al., respondents.  Mandamus.

            The motion by petitioner for leave to file a
            petition for an original writ of mandamus is
            <u>denied</u>.


cc: Hon. Lisa Madigan

**Law Office of the**
## COOK COUNTY PUBLIC DEFENDER

10220 S. 76TH AVENUE ∘ DISTRICT 5 ∘ BRIDGEVIEW, IL 60455 ∘ (708) 974-6470 ∘ FAX: (708)974-6057

**Edwin A. Burnette** ∘ **Public Defender**

February 19, 2008

William Evans, Reg. No. B-08677
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Dear Mr. Evans:

I have reviewed your case and all the investigation requests regarding surveillance cameras on 75th Street near the site of your arrest. Mr. Zeleny has shared with you the results of these investigations. I have requested Mr. Zeleny again to review with you the results of his investigations prior to your next appearance before Judge Stewart.

You are simply wrong about there being surveillance cameras at 75th and Clyde. While I can understand your disappointment in being wrong/mistaken about the surveillance cameras, your disappointment does not change the facts. All necessary investigations have been completed. No additional investigations to pursue your mistake or delusion will be conducted.

I encourage you to work with and listen to Mr. Zeleny regarding your case. Mr. Zeleny will continue to be the assigned attorney representing you. If you can not accept Mr. Zeleny as your attorney you have the right to hire private counsel or to represent yourself (pro se). I do not advise representing yourself. In my experience inmates do not have the ability, intelligence, experience, or objectivity to properly act as their own counsel.

Good luck whatever you decide.

Yours truly,

*Robert Lee*

ROBERT E. LEE, Chief
Fifth District - Bridgeview

REL/tln
pc: Tom Zeleny
    File

State of Illinois )
                  ) -ss-
County of Cook )

<u>Affidavit</u>

I, Joseph Lewis _____ prisoner number # R56981 first duly sworn upon oath under the penalties of perjury as provided by law certify and swear pursuant to 735 ILCS 5/1-109 that the following testimony and statement is true and correct, and if called to testify to the same being true I would affirm the same to be true;

#1.) That I was in free society during the whole month of february 2007 through and including to may 2007.

#2.) That I've personally have seen cameras with chicago Police department printed on them throughout the City of chicago, Illinois; And they are very easy to identify because of their size and blue flashing light, and very visable police star and titled name, chicago police department, depicted on them.

#3.) That I've seen this during my time frequenting the South shore area on 75th and eastend and on 75th and phillips. Without question or doubt, I remember this to be fact. Affiant sayeth further not.

Date: 1-10-2008

_Joseph Lewis_
(Affiant signature)

State OF Illinois )
                  )-SS-
County OF Cook )

## Affidavit

I, MAURice Mitchell, I.D.O.C. #K-58848, first
duly sworn upon oath and under penalties of
perjury as provided by law, pursuant to 735
ILCS 5/1-109; State and swear the following
to be true and correct:

#1.) I was free in chicago Illinois in 2007.

#2.) I personally observed in 2007 chicago police
department electronic video Pod surveillance
cameras located at 75th and Clyde's north
west corner; 75th and Constance north west
corner; and another one near 75th and Eastend's
north corner next to car wash.

#3.) I am providing this information without threat or
compulsion or reward of any Kind. Affiant sayeth
further not.

This 5/13/2008            By: MAURICE MITCHELL
                          (Affiant Signature)

                          Id# K-58848


                          Correctional Center
                          LAWRENCE

5

Revised 9/2007



**OFFICE OF THE STATE'S ATTORNEY**
**COOK COUNTY, ILLINOIS**

RICHARD A. DEVINE
STATE'S ATTORNEY

GERALD E. NORA
EXECUTIVE ASSISTANT FOR POLICY

EXECUTIVE STAFF

69 W. WASHINGTON, SUITE 3200
CHICAGO, ILLINOIS 60602
PHONE (312) 603-1839
FAX (312) 603-2655

May 5, 2008

William Evans
#B08677
P.O. Box 112
Joliet, Illinois 60434

Dear Mr. Evans:

This is in response to your April 27, 2008 Freedom of Information Act request.

We have no information responsive to your request. You are seeking information that belongs to the Chicago Police Department.

Sincerely,

Gerald E. Nora
Executive Assistant for Policy

State OF Illinois )_SS_
County of Perry )

### Affidavit

I, DERRICK SARGENT _____ prisoner identification number #K79155 _____, first duly sworn upon oath and under penalties of perjury give the following declaration without promise of financial award or threat of any kind;

#1, I was in free society in chicago Illinois and frequent the area of 75th and Constance, ~~style and~~ Eastend during the years ~~2006, 2007, 2008~~. The 7500 blocks, and 75th street.

#2 I am currently incarcerated in custody of Illinois Department of Corrections, at pinckneyville Correctional Center. Affiant sayeth further not. Pursuant to 735 ILCS 5/1-109.

_____
(Affiant)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER WRITE-OUT**
Stateville Correctional Center

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and* complete number *on all correspondence, funds and publications that are mailed to the facility*

To: Director Walker of I.D.O.C.
130 Concordia Court
Street
Springfield Il.     62779
City          State          Zip Code

From: William Evans
Number

... being detained in RNC and denied all access to law library and my personal property. That I am a pre-trial detainee and alleged parole violator.

No counselor or white shirt i.e. supervisor of any kind will come address my issues. I need to prepare myself a defense both my statutes and case law in concern of my criminal case and parole violation. But I can't solely due to your staff denying me at NRC Stateville correctional center. Your staff is too threatening great

Please reply and resolve the issues please.

Respectfully Submitted

By William Evans

Joliet Il 60434

3-9-2007

**RECEIVED**

MAR 15 2007

OFFICE OF
INMATE ISSUES

STA 0050 (Rev. 12/03)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER WRITE-OUT**
*Stateville Correctional Center*

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification
of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's
checks; each must be in the denomination of $50 or less.  You may also send funds via Western
Union (there is no limit to the $ amount that you may send in this manner).

You may and or bring approved publications to the facility.  Such items will be reviewed by the
Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL  60434.  The
address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL
60435.

*Please include the offender's name and* __*complete number*__ *on all correspondence, funds
and publications that are mailed to the facility*

To: Director Walker of I.D.O.C.    From: William Evans
1301 Concordia Court                        B08077
Street                                      Number
Springfield Il.         62729
City            State        Zip Code

I am being detained in R.N.C. and denied all
access to law library and my personal pr-
operty. That I am a "pre-trial detainee" and
alleged parole violator.

No counselor or white shirt ie. supervisory
of any kind will come address my issues I need
to prepare myself a defense ie. statutes
and case law in concern of my criminal case
and parole violation. But I can't solely due
to your staff denying me at N.R.C. Stateville
Correctional center. Your staff is too threatening
a rest

Please reply and resolve the issues please.

Respectfully Submitted

By: Will—
William Evans
B08077
P.P. BOX 112
Joliet, Ill 60434

3-9-2007

**RECEIVED**

MAR 15 2007

OFFICE OF
INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: April 9, 2007        Date of Review: April 9, 2007        Grievance # (optional): 0342

Committed Person: William Evans        ID#: B08677

Nature of Grievance: Staff Conduct, Other-Denial To Law Library

Facts Reviewed: Grievant alleges that he is still being denied law library legal research material to prepare a defense for his pending criminal case. I have been writing and submitting his requests by mail since 3-5-07 but to no avail.

Counselor Response: All NRC legal requests are given to the assigned paralegal.

Upon further review from Grievance Office, finds that this office answered a prior grievant of the same issue in #0267. This Office concurs with counselor response and adds that per the Warden, Crystal Mason, Stateville CC Paralegal, is taking the requests for the NRC offenders in need of legal services.

Recommendation: Grievance is resolved. No further actions necessary at this time.

Ami Workman
_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 4-10-07        ☒ I concur        ☐ I do not concur        ☐ Remand

Comments:

_____
Chief Administrative Officer's Signature                                        4-10-07
                                                                               Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

William Evans                    B08677              5-9-2007
_____
Committed Person's Signature            ID#            Date

# COMMITTED PERSON'S GRIEVANCE

| Date: 4-4-2007 | Committed Person: (Please Print) William Evans | ID#: |
|---|---|---|

| Present Facility: | Facility where grievance issue occurred: |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify)

APR 0 9 2007

- [ ] Disciplinary Report: ___/___/___
  Date of Report                Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** That I am still denied law library facilities and materials for more than six week for my pending criminal civil. I have been writing request and submitting them by mail since 3-5-2007 on my arrival to date to no avail no reply period. I am aggrieved. Taught or the fact this current administration will not do anything about it, No one in authority the necessary personnel to do their jobs, i.e. the asst librarian paralegals and counselors are not doing their jobs. I am aggrieved.

**Relief Requested:** access to law library satellight lawlibrary and or admer system or mail system that access the needed legal documents and research tools please and means to up date any material

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Committed Person's Signature              ID#        Date
(Continue on reverse side if necessary)

---

## Counselor's Response (if applicable)

| Date Received: | 4 , 5 , 07 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|---|

**Response:** All NRC legal requests are given to the assigned paralegal.

| David Mansfield, CCI | David Mansfield CCI | 4,5,07 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

## EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

_____                          ___/___/___
Chief Administrative Officer's Signature                      Date

Distribution: Master File, Committed Person          Page 1          DOC 0046 (Eff.10/2001)
Printed on Recycled Paper                                                   (Replaces DC 5657)

RS-307

B086M

From:Evans.

To:Grievance
officer

Because the
Paralegal assigned
to NRC is not
answering my
request.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: January 29, 2008    Date of Review: January 29, 2008    Grievance # (optional): 0167

Committed Person: William Evans    ID#: B08677

Nature of Grievance: Law Library

Facts Reviewed: Grievant alleges not being able to access the Law Library and he needs copies. His court date is 2-13-08.

Counselor Response: DEEMED AN EMERGENCY

This Grievance Officer reviewed grievance and finds grievant cannot go to the Law Library as he is in segregation status. The Paralegal and law clerks go to F House on Thursdays. At that time a request should be given to the Law Library staff and the deadline proof must be included as deadlines take presidence and are processed accordingly. The grievant may request typing paper as well.

Recommendation: Grievance resolved

Tammy Garcia
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 1-30-08    ☒ I concur    ☐ I do not concur    ☐ Remand
Comments:

Chief Administrative Officer's Signature          1-30-08
Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.) The Judge is denying my request, in court because I am not prepared I am not prepared because I am not allowed access to law library research tools.

William Evans          B08677          2/23/2008
Committed Person's Signature          ID#          Date

Courtdate
2/13/2008

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 1-25-2008 | Offender: (Please Print) William Evans | | ID#: B08677 |
|---|---|---|---|
| Present Facility: Stateville Correctional Center | | Facility where grievance issue occurred: Same | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability  Law library Access being denied
- [ ] HIPAA
- [x] Other (specify):

- [ ] Disciplinary Report: ____/____/____
Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I've been here since 1-3-2008 and I've requested to go to law library to no avail and requested typing paper to draft motions and notices in court, of my whereabouts regarding pending legal matters to no avail. I need to go to law library I've requested and been denied. I am proceeding prose in all matters. All concerned cell house staff is playing dumb or is dumb for real.
I need People v. Dees, 400 N.E. 2d 1050 (1980) Head notes 5, 6, & 7 shepardized Typing paper to draft motion if this cases head notes are any good. I need access to the negative cited case of the shepard citation as well as the positive ones. So I can present said motion I am referring to my next court date 2/13/2008.

**Relief Requested:** To go to law library and typing paper and access to copy machine when I am done and legal envelopes to mail my motions to court and notices. Shepard citation of all positive and negative cited cases and law of People v. Dees, Head notes 5, 6, & 7

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

William Evans                B08677              1-25-2008
Offender's Signature         ID#                 Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name        Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: 1-29-08    Is this determined to be of an emergency nature?
[x] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

W. McCann
Chief Administrative Officer's Signature        1-29-08  Date

Distribution: Master File; Offender        Page 1        DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

Date Received: February 13, 2008        Date of Review: February 13, 2008        Grievance # (optional): 0251

Committed Person: William Evans        ID#: B08677

Nature of Grievance: Law Library

Facts Reviewed:  Grievant alleges not having access to the Law Library services  and has a court deadline.

Counselor Response:  DEEMED AN EMERGENCY

This Grievance Officer reviewed grievance and spoke to the Paralegal who stated there is an additional paralegal now and rounds will continue on Thursdays and/or Fridays.  Grievant must submit a request with proof of deadline to the Law Library.

Recommendation:  Grievance resolved.

Tommy Garcia
_____        _____
Print Grievance Officer's Name        Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: 2-21-08        ☒ I concur        ☐ I do not concur        ☐ Remand

Comments:

_____        2-21-08
Chief Administrative Officer's Signature        Date

| Committed Person's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.) The unreasonable delay is causing me to not be prepared when I go to court and the judge is gitting mad at me and denying my reqaests,

William Evans        B08677        2/23/2008
_____        _____        _____
Committed Person's Signature        ID#        Date

I am not prepared because law library access is still denied to me, in Seg. and no shows
by the personnel runner systems thursdays and fridays no show; no appearance.
2/22/2008 Law Library didn't show up _____ to house.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 2/7/2008 | Offender: (Please Print) William Evans | ID#: B08677 |

Present Facility: Stateville Correctional Center

Facility where grievance issue occurred: Stateville Correctional Center

**NATURE OF GRIEVANCE:** Court Deadline    ↓ Denial to Access to Law library

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Law library

- [ ] Disciplinary Report: ___/___/___
Date of Report                Facility where issued

**Note:**    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

**Brief Summary of Grievance:** I go to court 2/13/2008 and I've been here on court writ since 1/3/2008, and I am proceding pro se in all pending judicial matters including pending criminal case the only reason I am here I am being denied to prepare myself a defence and to research further into important issues in my case. I am being denied typing paper and legal envelopes to contact the courts; To present my grievances to the court to petition for my liberty to the courts, I am being denied to access to law library personnel and to go to general law library, and disciplinary segregation satellite law library; I am denied access to it from 1/3/2008 up to and including to date 2/7/2008 the law library has not been to F-house period.

**Relief Requested:** Access to law library immediately and a written reason as to why I've been denied access to law library from 1/3/2008 to 2/7/2008 as I am writing this grievance.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| William Evans | B08677 | 2 , 7 , 2008 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 2 8 08

Is this determined to be of an emergency nature?
- [x] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| W. McClure | 2-8-08 |
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Nor have the law library been effective to any of my request. I have a court date 2/13/2008 and have legal documents that are not replaceable (perhaps) I can not mail them in the mail to law library to copy because if mail is lost it may be less forever to me, and I need to present the same in my criminal defense. I need and also requested typing paper and for a notary to notarize the document that I intend to draft with the requested paper but I've been denied. And the law library wrote me and told me to mail the papers I need notarized inwhich is illegal; the purpose of a notary is that the notary of public verify the signature by witnessing it being signed. Otherwise anyone can sign my name or anyone ones and got it notarized. I am aggrieved. And the security and counselor personal and or staff are all playing stupid. I am aggrieved.

My Criminal Case — is; People v. William Evans, case docket number 07-CR-05962 Cook County Circuit Court, Criminal division District five Bridgeview Illinois. Judge Victoria A. Stewart (Presiding), She granted me permission to procede pro se 1/10/2008 as a result of my request by written motion. This can be verified by calling (—708) 974-6542 (708) 974-6288)), as well as my next court date 2/13/2008. I need access to the law library. Access to typing paper, access to legal envelopes access to Notary of Public access to copy machine, to copy very important legal documents I need to present in open court notarized, at my next court date 2/13/2008 inwhich I am currently denied! I am aggrieved.

Furthermore I have no envelopes to mail anything to law library to copy but my legal documents are not replaceable so they can't be mailed they must be picked up or hand delivered, from my hand to law library staff.



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

August 23, 2007

William Evans
Register No. B08677
Pinckneyville Correctional Center

Dear Mr. Evans:

This is in response to your grievance received on April 9, 2007, regarding law library (alleges he did not receive law library access), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report, 0257, and subsequent recommendation dated March 22, 2007 and approval by the Chief Administrative Officer on March 23, 2007 have been reviewed.  The Grievance Officer notes the procedure for requesting Law Library access.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Yolande Johnson, Pinckneyville Correctional Center
       William Evans, Register No. B08677
       Chron. File

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: May 12, 2008          Date of Review: May 13, 2008          Grievance # (optional): 0732

Committed Person: William Evans                                    ID#: B08677

Nature of Grievance: Staff Conduct, Other-Main Law Library

**Facts Reviewed:** Grievant alleges he is on court writ status from Pinckneyville CC and fighting his criminal case. Grievant states he has pending legal matters and law library has not been in the unit in two (2) months. Grievant states the research tools in the F-House Law Library are outdated. Grievant states law library clerk has no access to the research tools needed for grievant. Grievant states he is a certified paralegal since 1997. Grievant states he is being discriminated against by Ms. Mason and the F-House Supervisors. Grievant states he should be given priority as court deadline status in light of the fact he is here for no other reason but to go to court.

Counselor Response:

***DEEMED AN EMERGENCY***

Upon further review from Grievance Office, contacted Ms. Mason, Stateville CC paralegal, and she stated that she has no proof of deadline from grievant. She also stated she has outstanding information to be sent to grievant today that contain photocopies for him. She continues to state she has criminal law and constitutional keys to be sent to grievant as soon as the information is copied and completed. She states on 3-4-08, he was sent copies; on 4-1-08, she sent 148 copies-hand delivered, and on 4-15-08, she sent grievant 90 copies. This office is unable to substantiate claims that grievant is unable to receive adequate access to the courts. For court deadlines, grievant is advised that proof of any court deadlines must be sent to the Law Library staff for their review and handling. Per OTS, grievant has been housed in Stateville CC as writ status from Pinckneyville CC as of 7-25-07. These issues have been addressed in grievance numbers #0167, 0251, 0494, and 0679. No further actions are necessary in the matters pertaining to law library issues.

**Recommendation:** Grievance is denied.

Ami Workman
Print Grievance Officer's Name                               Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 5-16-08       ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

W. McCaw                                      5-16-08
Chief Administrative Officer's Signature                      Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

William Evans                    B08677              6-5-2008
Committed Person's Signature              ID#                Date

DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)

*Please honor!*    Court date 5/15/2008! Deadline
                                                    FZ56
**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 5/5/2008 | Offender: (Please Print) William Evans | ID#: B08677 |
|---|---|---|

Present Facility: Stateville Correctional Center    Facility where grievance issue occurred: Same

NATURE OF GRIEVANCE: Denial to Access to law library to do legal Research on pending case 2 months!

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability  main law
- [ ] HIPAA   library
- [x] Other (specify): discrimination, for 4 months

- [ ] Disciplinary Report: _____ / _____ / _____
     Date of Report            Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I am on Court writ status from pinckneyville Correctional Center, And here to go to court fighting my criminal case. And I've been here since 1/4/2008 and the law library has not been here in two months Ms. Mason and her inmate workers, they don't answer my legal request to review updated legal material in the preparation of my defense in pending legal matter in criminal court, and I have pending civil matters too. I am unable to effectively litigate because the law library research tools in F-house are far outdated. The inmate Ronald Kliner # R77152 assigned to unit F-house to assist the inmates have no access to the legal research tools we need, I need to effectively update law - statutes and

Relief Requested: To be taken to main law library 3 times or two times per week while here on Court writ and honored as Court deadline inmates thus ex-pedited access for that reason to physical access to do my own legal research in main law library and given access to 2007-2008 legal books

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

William T Evans      B08677      5/5/2008
Offender's Signature    ID#        Date

(Continue on reverse side if necessary)

---
**Counselor's Response (if applicable)**

Date Received: ___/___/___   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name    Counselor's Signature    Date of Response

---
**EMERGENCY REVIEW**

Date Received: 5/8/08

Is this determined to be of an emergency nature?
[x] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

W. McCann      5-8-08
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)

case law, and constitutional issues. I am a certified Paralegal since 1997 however without access to the legal research tools-updated legal research tools Books and allowed to Read and update the needed legal material I have no access, to the court. I am being denied access to go to main law library and I am general population not disciplinary segregation, and I should be given priority as a court deadline status inlight of the fact I am here for no other reason but to go to court!

The F-house Law library and runner service is totally inadequate to do or conduct any legal research of any means whatsoever. I am aggrieved!!

Sec. Affidavit of Ronald Kliner # B77152 F-house law library personnel/clerk insupport and witness to the facts stated in this grievance, attached and incorporated herein and refered to by reference hereto.

I am being discriminated against and it is damaging. Ms. Mason and F-house Supervisors are impeding delaying and actively denying me access to the courts.

Other people in population get to go to law library and do their own legal research and they don't even have court deadlines. I do infact I have a criminal case pending I am trying to fight for my freedom. I have a brief due in civil case on 7/15/2008, in another matter. These inmates can't do my research for me, they can't even fill my request that are clear, ~~and timely handled~~ and specifics.

STATE OF ILLINOIS )
                  ) s.s.
COUNTY OF WILL    )

## AFFIDAVIT OF RONALD KLINER

Ronald Kliner states on oath that he has personal knowledge of the following facts, which are true and correct:

1. I presently am an inmate at Stateville Correctional Center working in the capacity as a law clerk in F-House & from 4-7-2008.

2. Previously I worked as a law clerk at the law library here also.

3. The law library serves the inmate population and on an average week, irrespective of whether the institution is on a lockdown or not, sees approximately 240+ inmates at the library thereby serving the following cell houses of A, C, D & E house with 60 inmates each allowed to be called to the library 2xs a week 30 at a time. And, X house goes on Fridays with protective custody inmates.

4. Inmates who are also in population but housed in F-House either because they are on "Kickout" getting, or to get out of seg. (segregation) or on writs from other institutions atypically do not get to go to or attend the law library itself while there is a cell or F-House with law books that one can request to go to, or be brought to yet said library has a mix of outdated, old, not up-to-date books that at best is wholly inadequate to do or conduct any legal research of any means whatsoever.

5. Presently said "satellite" library has no 2007-2008 books, & has a 2002-3 Sullivans directory. And, there is no law dictionary, websters or any legal-type dictionary whatsoever. There is no unified code of corrections, IDOC ZDR's, Illinois or federal rules of procedure of recent date, and no case law and or reporter books of any timely kind.

6. F-Hse inmates, be it population, writ, or segregation can give legal papers to be copied, case law requests & or needs for motions & forms to the (1) F-Hse law clerk of whom than trys to facilitate said request by turning same in to the law library weekly & or sooner if possible & due to any deadlines.

7. Inmates seeking other help be it getting their legal boxes of excess legal papers and or research via the law library and the 10 law clerks there have to write the library & or convey same, or try via the (1) F-Hse clerk. And, wait & await to when the law library comes to F-Hse & conduct "rounds" & do same.

8. As of 5/7/08 it has been at least 2 months since the library itself has come to F-Hse.

p. 1/2

(Pg. 2 of 2)

AFFIDAVIT OF RONALD KLINER

9. Presently the (1) law clerk does the best he can to service the approximately 240 cells + up to 400-450 inmates and on a weekly basis.

10. Supplies are provided by the IDOC + staff at F-Hse and handed out consisting of seg-pens, legal envelopes, typing paper + scratch paper + as best as can be done + on average a weekly basis by the (1) F Hse. clerk.

11. I am signing this affidavit of my own free will.

12. No promises or threats have been made to me to persuade me to sign this affidavit.


DATED: MAY 5, 2008          _____
                            Ron Kliner
                            #B77152

This affidavit, consisting of 2 pgs, handwritten + with 12 (twelve) parts is signed by me under oath and upon penalties of perjury as provided for by law, pursuant to 735 ILCS 5/1-109 and certify and declare all stated herein is true and correct to the best of my knowledge.

2/2

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: March 26, 2008          Date of Review: March 26, 2008          Grievance # (optional): 0494

Committed Person: William Evans                                                ID#: B08677

Nature of Grievance: Law Library

Facts Reviewed: Grievant alleges not being able to access the internet via the law library. He further states the satellite library in F house contains substandard materials and many items needed are unavailable.

Counselor Response: Will contact law library paralegal. Law library has a policy and IDOC that inmates do not have access to the internet.

This Grievance Officer reviewed grievance and finds counselor states the paralegal will be contacted. This officer also suggests that grievant submit a specific request to the paralegal including the exact materials grievant is seeking.

Recommendation: Grievance resolved.

Tammy Garcia
Print Grievance Officer's Name                               Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 3-26-08      ☒ I concur      ☐ I do not concur      ☐ Remand

Comments:

W. McCann
Chief Administrative Officer's Signature                      3-26-08
                                                             Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

William Evans
Committed Person's Signature          B08677          4/1/2008
                                      ID#              Date

F0229

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | | |
|---|---|---|---|
| Date: 3/6/2008 | Offender: (Please Print) William Evans | | ID#: B08677 |

Present Facility: Stateville Correctional Center    Facility where grievance issue occurred: Same

NATURE OF GRIEVANCE: Insufficiencies of satellite law library/legal Research tools

☐ Personal Property        ☐ Mail Handling        ☐ Restoration of Good Time        ☐ Disability
☐ Staff Conduct            ☐ Dietary              ☐ Medical Treatment                ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator              ☒ Other (specify): (A-6)

☐ Disciplinary Report: _____    _____
                        Date of Report        Facility where issued

**Note:**  Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: There is no Black's law dictionary in satellite law library in 7-house or Websters dictionary; and 725 d.L. C.S. 5/103-13 (A) ☐ rights to communicate with attorney is torn out of book in law library and so is 725 d.L.C.S. 5/103-4 right to consult with attorney. And United States Constitutional amendment six is not in the satellite law library either and I need all of the above annotated with notes of decisions main volumes and updated pocket parts 2007-2008 but these not available in satellite law library in 7-house; and there is no computer or copy machine access

Relief Requested: access to all I've briefly complained of and that my court deadlines be honored by means of expediting my request while under court deadlines such as now. Updated law directories

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____        _____        ___/___/___
Offender's Signature              ID#           Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 3/11/08    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
                                                                    Administrative Review Board, P.O. Box 19277,
                                                                    Springfield, IL 62794-9277.

Response: Will inform Law Library Paralegal

F.B.Zkiewicz                    C. Potticr          3/15/08
Print Counselor's Name          Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                                  ☐ No; an emergency is not substantiated.
                                                                                  Offender should submit this grievance
                                                                                  in the normal manner.

_____                              ___/___/___
Chief Administrative Officer's Signature                        Date

to on for legal and research material.
There is no shepard citation books; and approximately
85% of the books in the law library are for non-illinois criminal law. Theres no rules of civil or criminal
procedures, annotated with notes of decisions.
2007-2008 pocket parts.
All the sullivans law directories are all
out dated by over three years.

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| | | |
|---|---|---|
| Date: 3/7/2008 | Offender: (Please Print) William Evans | ID#: B08677 |

Present Facility: Stateville Correctional Center

Facility where grievance issue occurred: Stateville C.C. & Pinckneyville C.C.

NATURE OF GRIEVANCE: Denied access to court and updated legal research tools

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___    Date of Report    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: That I have pending in pretrial discovery stage currently; People v. William Evans, case number 07-CR-05962 in the circuit court of Cook County, Illinois. Fifth District Criminal Division; and moving to proceed pro se; but I am denied access to computers to get on line with search engines such as google.com and west law.com and yahoo.com to do relevant material research for evidence and legal authorities and other relevant material information to present myself a defense in my criminal case; and without the same I can not present the defense necessary to avail myself of the

Relief Requested: Internet access online with westlaw; google.com; yahoo.com; and also updated legal research books to accompany updated technology to allow pro se defendants/inmates effective access to the courts, meaningful access.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| William Evans | B08677 | 3,7,2008 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 3/11/08

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The law library has a policy and IDOC that inmates do not have access to the internet.

| | | |
|---|---|---|
| E. Betkievich | S. Pttie | 3/15/08 |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: 3/10/08

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | |
|---|---|
| W. McCann | 3/10/08 |
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

laws of Illinois and the united states federal laws, solely based due to the insufficien of the Illinois Department of Corrections, ~~and~~ and Statville Correctional Center law library and Pinckneyville Correctional Center too East I am On Court writ here at stateville Correctional Center and denied access even to updated legal books; and it, these issues collectively are obliterating my ability to prepare or present myself a defense. Or to even access information on line. that would also allow me to be able to move forward in preparing and presenting evidence. in support of my defense So I am aggrieved because my criminal case is a very serious case with very serious punishment if I can not prevail under the laws available but I am denied access to. Grievant sayeth further not.



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

February 6, 2008

William Evans
Register No. B08677
Pinckneyville Correctional Center

Dear Mr. Evans:

This is in response to your grievance received on December 5, 2007, regarding conditions (while on writ at Stateville from 11/06/07 through 11/14/07), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Based on a total review of all available information, it is the opinion of this office that the issue is to be remanded to Warden McCann to investigate your allegations. A copy of the findings is to be forwarded to the Director's Office upon completion.

FOR THE BOARD: _____

Melody J. Ford
Administrative Review Board
Office of Inmate Issues

I concur. Warden McCann is to proceed accordingly.

_____

Roger E. Walker Jr.
Director

cc:   Warden Daniel Austin, Pinckneyville Correctional Center
      Warden Terry McCann, Stateville Correctional Center
      William Evans, Register No. B08677
      Tickler File

State of Illinois) _ss_
County of Will )

## Affidavit

I, Valentino Spears, state of Illinois department of corrections inmate, # R-41560, first duly sworn upon oath, and under penalties perjury state the following testimony and/or statements to be true and correct:

#1.) I have been the cell-mate/room mate of William Evans, I.d.# B08677 at N.R.C. Stateville Correctional Center from 3-5-2007 until and including 4-2-2007 the date I am signing this affidavit.

#2.) That I have witnessed William Evans, submit request to correctional staff for law library material to no avail no replies.

#3.) That I have witnessed William Evans submit grievance to the issue to no avail.

#4.) That I have been in N.R.C. Stateville Correctional Center since 11-21-2006 and I nor anyone else I have been around or in the cell with have receive by request or otherwise any access to the law library at all. Affiant sayeth further not. Sworn pursuant to 28 U.S.C. § 1746 ; and 735 ILCS 5/1-109,

Valentino Spears    ID# R41560
Affiant's Signature.
4-2-2007,

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 7/1/2008 | Offender: (Please Print) Evans | ID#: B08677 |
|---|---|---|

| Present Facility: Pinckney CC | Facility where grievance issue occurred: Same |
|---|---|

**NATURE OF GRIEVANCE:** Descrimination

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability denial to
- ☐ HIPAA
- ☒ Other (specify) Law library access.

☐ Disciplinary Report: _____ / _____ / _____
Date of Report _____ Facility where Issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I have court deadline please hear. request to go and be put on court deadline list is not being honored by law library but everyone else is. I being denied to do any legal research and I am in population. I filed regular grievance to counselor in four house but he has not replied. I need to do legal research on my pending case now my counselor and law library personnel is stoping me from doing so.

**Relief Requested:** To be allowed to go to law library immediately please

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

William Evans — Offender's Signature     B08677 — ID#     7/1/2008 — Date

(Continue on reverse side if necessary)

**Counselor's Response (If applicable)**

Date Received: _____ / _____ / _____   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____ Counselor's Signature _____ Date of Response

**EMERGENCY REVIEW**

Date Received: 7/10/08   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance   ☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Jay Merchant — Chief Administrative Officer's Signature     7/10/08 — Date

Distribution: Master File; Offender     Page 1     DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 6/22/2008 | Offender: (Please Print) William Evans | ID#: B08677 |
|---|---|---|

Present Facility: Pinckneyville Correctional Center

Facility where grievance issue occurred: Same

NATURE OF GRIEVANCE: Insufficencies in law library legal research tools

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___    Date of Report _____    Facility where issued _____

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: The R5-A satellite law library sulivans is out dated and many pages that are needed are torn out the Illinois digest are totally without pocket parts and the criminal rules of procedure are out dated pages needed torn out and Pinckneyville have no shepard citation books or computer softe ware foor case law or statutes; and inmates have no computer entornet access at all to do legal research. No means to update all the out dated legal material in satellite law library; and

Relief Requested: Given access to the computer in law library and to west law.com full access to all west law legal research tools and googles.com and yahoo.com for my criminal case.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| William Evans | B08677 | 6/22/2008 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7 / 9 / 8    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Inm's @ P.I.C.C. are not allowed access to computers in the Law Library an inCa Fee or internet use is exessive + unreasonable. Inm my toot have cases Key cited to the price of copys will be charged. Info in satllb is availpun tell.

| R Lintz | | 7/11/8 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 6 / 25 / 08    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Jay Menkhow | 6/25/08 |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

that I have much legal research to be done
that I am being delayed in doing due to the
insufficiencies and absence of needed research
tools and it's obliterating my ability to pre-
pare and present a effective and complete defense
in pending criminal case.

In The United States District Court
For The Northern District Of
Illinois Eastern Division

William Evans,
                Plaintiff                    )
                                             )        Case No. 08-c-3473
          V.                                 )
Circuit Court of Cook                        )
County, Illinois, etal                       )
                Defendants                   )

## Proposed Order

This Cause Coming on to be heard on Plaintiff
William Evans Motion To Proceed In forma Pauperis
Status; and this Court being advised in the premises it
is Ordered Plaintiff Motion is Granted!

Date entered: ▓▓▓ -  -2008. By: _____ (Judge)