# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3473 | **DATE** | 8/27/08 |
| **CASE TITLE** | United States ex rel. William Evans (B-08677) v. Circuit Court of Cook County | | |

**DOCKET ENTRY TEXT:**

Petitioner's motions to proceed *in forma pauperis* [10], [14] are granted. Petitioner's motion to file an amended petition [11] is denied and the amended civil rights complaint accompanying that motion [12] is stricken. Petitioner is given 21 days from the date of this order to submit an amended petition for habeas corpus relief. Failure to submit an amended habeas petition in accordance with this order will result in dismissal of this case without prejudice. Petitioner's motion for greater access to library and research materials [9] is denied without prejudice; however, the Court requests that prison authorities allow petitioner reasonable access to research materials. The clerk shall again mail to petitioner a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and shall mail a copy of this order to the Pinckneyville Correctional Center administrative office.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

On July 10, 2008, the Court ordered petitioner William Evans (B-08677), incarcerated at Pinckneyville Correctional Center, to submit an *in forma pauperis* application and an amended petition for habeas relief pursuant to 28 U.S.C.§ 2254. Petitioner has submitted two applications to proceed *in forma pauperis* and an amended civil rights complaint under 42 U.S.C. § 1983, seeking compensatory and injunctive relief. The current proceedings concern a request for habeas relief. If petitioner seeks to file a civil rights complaint, he must file a separate action, for which a separate case number will be assigned. However, the Court notes that petitioner may not file a civil rights complaint unless he first pays all of his outstanding filing fees. *Evans v. Gadberry*, No. 01-1547 (7th Cir. Oct. 16, 2001). The Court will neither convert petitioner's current habeas proceeding into a civil rights case, nor convert his civil rights complaint into an amended habeas petition. *Glaus v. Anderson*, 408 F.3d 382, 388-89 (7th Cir. 2005); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). To proceed with this case, petitioner must submit an amended petition for habeas relief that clearly states what claims he seeks to assert.

With respect to petitioner's request for a court order allowing him greater access to research and library materials, although prisoners should have reasonable access to materials needed to file their suits, *see Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995), the Court is reluctant to interfere with the day-to-day operation of a prison and the manner in which law library and research requests are managed. Furthermore, petitioner's pleadings do not indicate that he is unable to present his claims. The Court therefore denies petitioner's motion, but the Court requests that the prison authorities provide petitioner with reasonable access to research materials.

| | Courtroom Deputy Initials: | isk |
|---|---|---|